In the Matter of WILLIAM HICKS, Respondent, v EUGENE LeFEVRE, as Superintendent of the Clinton Correctional Facility, et al., Appellants.

Third Department, December 8, 1977

APPEARANCES OF COUNSEL

*Louis J. Lefkowitz, Attorney-General (Henderson G. Riggs* and *Jean M. Coon* of counsel), for appellants.

*Robert A. Kagan* for respondent.

## OPINION OF THE COURT

KANE, J.

Petitioner was an inmate at the Clinton Correctional Facility. During the course of an inspection of his cell on the morning of September 14, 1976, certain alleged contraband was discovered. Among this contraband were a list of grievances and accusations against employees of the facility and a letter seeking outside help in "mobilizing and organizing [the prison] population". When petitioner returned to his cell that afternoon, he was confined there pending an appearance before the adjustment committee the next morning (7 NYCRR Part 252). That encounter was postponed 24 hours because at the designated time petitioner was meeting with his attorney. Upon his appearance before the adjustment committee on September 16, 1976, petitioner admitted possession of the seized material and offered an explanation for his actions. The committee determined that sufficient evidence existed to support charges against petitioner of (1) organizing unauthorized group activities and (2) creating a threat to the security and order of the institution. A superintendent's proceeding was recommended to consider the charges (7 NYCRR 252.4 [b] [2]) and petitioner was ordered transferred to a special housing unit pending that hearing (7 NYCRR 252.5 [e] [3], 304.1 [d]). Formal written charges for the superintendent's proceeding, scheduled for September 22, 1976 or as soon thereafter as possible, were served on petitioner on September 21, 1976 by a correctional counselor who offered assistance to petitioner. Petitioner requested copies of documents and all available information before answering the charges. The actual proceeding was held on September 27, 1976 and resulted in a determination affirming the charges. Petitioner received a written report containing, among other things, his contentions, a summary of the case, and the disposition ordered. That disposition included confinement in a special housing unit for 60 days, 30 days' loss of good behavior allowance, and the stay of certain institutional privileges while so confined with the

right allocated to the adjustment committee to restore such privileges upon good behavior.

In this proceeding petitioner did not dispute the validity or sufficiency of the charges, but sought to establish that a violation of his constitutional rights had taken place upon his initial confinement in the special housing unit and later by the procedures employed in connection with the superintendent's proceeding. Special Term agreed and found that certain Department of Correctional Services' regulations abrogated the minimal due process requirements of *Wolff v McDonnell* (418 US 539). Specifically, it was concluded that a formal hearing was required but not conducted at the adjustment committee stage prior to petitioner's confinement to await the superintendent's proceeding, and that petitioner must receive an adequate written statement of reasons for the action taken at that proceeding. Special Term also found a violation of pertinent regulations concerning the matter in which counselor assistance was assigned to petitioner (7 NYCRR 253.3 [a]). In accordance with these findings Special Term fashioned relief it deemed appropriate and this appeal ensued.

The judgment should be reversed and the petition dismissed. Petitioner was supplied with a written notice of charges 24 hours prior to the time designated for the superintendent's proceeding. That proceeding resulted in a written report summarizing the action taken and the reasons therefor which provided an adequate basis for judicial review and satisfied the requirements set forth in *Wolff v McDonnell (supra)*. As to the procedures before the adjustment committee, we find the action taken by it nonpunitive and within the permitted latitude of reasonable administrative regulations affecting an institution's security (7 NYCRR 251.6, 252.5; see *Matter of Amato v Ward*, 41 NY2d 469). Any temporary loss or limitation of rights and privileges at the adjustment committee stage fell within that area where strict due process standards do not apply and deference must be given to the "peculiar and restrictive circumstances of penal confinement" *(Jones v North Carolina Prisoners' Labor Union,* — US —, —, 97 S Ct 2532, 2538; see *Matter of Amato v Ward, supra)*. Finally, we find no error in the assignment of a particular correctional counselor to assist petitioner. While the procedure may or may not have been in strict compliance with the rather ambiguous wording of the involved regulation affording petitioner some choice in the matter, he accepted that assist-

ance. His rights were fully protected and a valid objection, if one existed, was either not voiced or waived.

The judgment should be reversed, on the law and the facts, and the petition dismissed, without costs.

SWEENEY, J. P., MAHONEY, LARKIN and HERLIHY, JJ., concur.

Judgment reversed, on the law and the facts, and petition dismissed, without costs.