■ In the Matter of DOMINGO RODRIGUEZ, Petitioner, v BENJAMIN WARD, as Commissioner of the Department of Correctional Services, et al., Respon-

dents. (Proceeding No. 1.) In the Matter of EDWARD PERREIRA, Petitioner, v BENJAMIN WARD, as Commissioner of the Department of Correctional Services, et al., Respondents. (Proceeding No. 2.)—(Proceeding No. 1.) Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Ulster County) to review determinations of respondents, which held that petitioner had violated certain prison disciplinary rules and that, accordingly, he should spend 20 days under keeplock and lose 10 days of "good time" credit and further recommended that he be transferred to a maximum security facility. (Proceeding No. 2.) Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Sullivan County) to review determinations of respondents, which held that petitioner had violated certain prison disciplinary rules and that, accordingly, he should lose 150 days of "good time" credit and spend 60 days in a special housing unit and further recommended that he be transferred to another correctional institution. In each of these proceedings, the individual petitioners challenge disciplinary action taken against them by the Department of Correctional Services because of their respective alleged violations of various prison disciplinary rules. With respect to petitioner Rodriguez (Proceeding No. 1), he was found to have violated rule 1.15 (assault) and rule 1.25 (threats to security and order) as a result of an alleged attack upon another inmate at the Eastern Correctional Facility, Napanoch, New York, and it was consequently ordered that he spend 20 days under keeplock and lose 10 days "good time" credit. It was further recommended that he be transferred to a maximum security facility. Petitioner Perreira (Proceeding No. 2) was found to have violated rules 1.30 (contraband) and 1.90 (refusing to obey a direct order) after he allegedly concealed contraband, i.e., currency, on his person and refused a direct order that he produce it. In his case, it was directed by respondents that he lose 150 days of "good time" credit and spend 60 days in a special housing unit, and he was also recommended for transfer to another correctional institution. Seeking the annulment of respondents' determinations, petitioners each argue that said determinations were not supported by substantial evidence and that the respective disciplinary proceedings were not conducted in accordance with law and the Department of Correctional Services' own regulations relative thereto promulgated under chapter 5 of title 7 of the Official Compilation of Codes, Rules and Regulations of the State. Petitioner Perreira additionally contends that the punishments imposed upon him were cruel and unusual. Considering initially the disciplinary action taken against petitioner Rodriguez, we find that respondents' determinations cannot be sustained. Lacking even summaries of the depositions and interviews upon which respondents apparently relied in making their determinations, the record in the Rodriguez proceeding is incomplete so as to preclude a proper review thereof (Matter of McQueen v Vincent, 53 AD2d 630). A satisfactory statement is not provided by the fact finders as to the evidence that they relied on and their reasons for the disciplinary action taken (cf. Wolff v McDonnell, 418 US 539; Matter of Hicks v LeFevre, 59 AD2d 423), and, contrary to the Department of Correctional Services' own regulations (7 NYCRR 253.4 [g]; 253.4 [b]), the record also does not contain substantial evidence to support the confirmation of the charges against Rodriguez. At most, the two reports included therein from Correction Officers Ribas and Matthews indicated only that Rodriguez "seemed to be hitting" another inmate, and that his "direct involvement" in the alleged assault was not observed. Under these circumstances, the matter must be remitted to respondents for a new

hearing conducted in accordance with the Department of Correctional Services' own regulations and the elemental requirements of due process as set forth in the authorities cited herein. In reference to petitioner Perreira, we reach a similar result. Here again the statement in the record by respondents as to the evidence upon which they relied in making their determinations is inadequate and contains no indication of the disposition ordered and the reasons therefor. Moreover, it is highly questionable whether Perreira ever received a copy of even this inadequate statement (cf. *Wolff v McDonnell, supra; Matter of Amato v Ward,* 41 NY2d 469), and it further appears that, contrary to the applicable regulations (7 NYCRR 252.3 [e]; 252.3 [f]), Perreira was not examined by the adjustment committee in its preliminary attempt to ascertain whether charges should be filed against him and a formal disciplinary hearing held. Such being the case, this matter must also be remitted for a new hearing in accordance herewith. Petitions granted, without costs; determination in each proceeding annulled, and matters remitted to respondents for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.