■ In the Matter of KERRY FLAHERTY, Appellant, v WALTER FOGG, as Superintendent of Eastern New York Correctional Facility, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered January 15, 1979 in Ulster County, which dismissed petitioner's

application, in a proceeding pursuant to CPLR article 78, seeking to annul determinations made by the adjustment committee of the correctional institution wherein petitioner was incarcerated. The petitioner contends that his constitutional rights were violated because he did not receive adequate written notice of the charges against him and, accordingly, did not have a reasonable opportunity to defend when brought before the adjustment committee on two occasions. Because of such default as to his rights to due process he would have the entire record and/or all references of such proceedings expunged from the institution's records and all records relating to him as a prisoner. The record discloses that the petitioner was given a notice on April 26, 1978 of misbehavior in that he had violated rule 3.30.13 (unauthorized absence) while at the location of a college program. In a subsequent appeal to the superintendent of the institution, he noted that he had appeared before the adjustment committee on May 5, 1978 upon the charge of violating the rule and had defended upon the ground that he had in fact obtained permission from a named person to be absent, but he had not reported to the correctional officer in charge. The claimant made no objections to the procedure in his appeal and it is apparent that as to the April 26, 1978 violation he did in fact receive adequate notice of the charge and was able to present his defense fully in the administrative proceeding. On June 20, 1978, the petitioner was again given a "notice of report" which charged him with "misbehavior" for violating rule 3.30.13 at the law library at 9:15 A.M. on that date. The record contains a written defense from the petitioner to the adjustment committee, dated June 24, 1978, which notes that he was not given a written statement of the facts supporting the charge, but he did present a full and complete explanation of his conduct in regard to being absent from his assigned area. The adjustment committee report is dated July 11, 1978 and it notes that it investigated the charges (see 7 NYCRR Part 252), counseled and released the petitioner on July 11, 1978, and, that no further action is contemplated. The petitioner appealed the adjustment committee report to the superintendent of the institution and in that appeal he specifically alleged that the committee had not unanimously rendered its decision and that he had in various ways been denied due process of law. The fundamental contentions of the petitioner in this case are that the written notice of violation was inadequate and/or that the procedures before the adjustment committee are inherently unfair and result in an unconstitutional denial of due process. The record demonstrates that the petitioner was advised of the rule that he had breached and all of the specific details of time and place. The record establishes that he was able to effectively respond to the charge and there is nothing to indicate that the notice was inadequate as to him. The proceedings herein were in all respects in strict conformity to the requirements of 7 NYCRR Part 250. The sufficiency of the rules and regulations embodied in Part 250 to meet the requirements of due process as defined in the case of *Wolff v McDonnel* (418 US 539) has been considered in the case of *Matter of Amato v Ward* (41 NY2d 469) and they were not found lacking. As in the case of *Matter of Hicks v LeFevre* (59 AD2d 423), the procedures undertaken by the adjustment committee herein were nonpunitive in effect and strict due process standards do not apply. It is to be emphasized that we are not here concerned with the sufficiency of determinations resulting from superintendent's hearings and/or involving serious sanctions (cf. *Matter of Rodriguez v Ward,* 64 AD2d 792). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.