■ In the Matter of SCOT A. PIKE, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Sullivan County) to review a determination of the Department of Correctional Services. Petitioner is an inmate of the Woodbourne Correctional Facility. On December 31, 1979, an inmate misbehavior report was filed which charged him with possession of a pipe containing residue which was tested and found to be marihuana. The pipe was found in petitioner's bedding by a correction officer searching petitioner's cell. Concededly, petitioner was not present at the time of the search. A notice and assistance form was filed by a correction counselor and a superintendent's proceeding was held. Petitioner denied the charge and contended, in substance, that the pipe was put in his bedding by someone else. After the hearing, petitioner was found guilty of the charge and sentenced to 30 days in keep lock with no pay or phone calls and 30 days loss of good behavior allowance. Thereafter, the instant article 78 proceeding was commenced. Petitioner contends that the finding is against the weight of the evidence, that he was deprived of due process of law, and that the punishment imposed was excessive. We disagree and would sustain the determination made. A correction officer stated that he found the pipe in the back side of the bed under the bedding and he doubted that it could have been thrown in the window and landed there. While the proof demonstrated that petitioner's cell was unlocked for periods of time during the day, we are of the view that questions of credibility were raised

and that ample evidence supports the determination of petitioner's guilt and, therefore, it should not be disturbed (see *Matter of Baker v Wilmot,* 65 AD2d 884). Considering the record in its entirety, we are of the view that petitioner suffered no deprivation of due process. Specifically, petitioner was not entitled to have the assisting employee present at the hearing nor did the referee abuse his discretion in denying petitioner's request for a second adjournment. Furthermore, a full-scale adversary hearing including confrontation, cross-examination and counsel is not required *(Matter of Gunn v Ward,* 71 AD2d 856). We have also considered all of petitioner's other arguments pertaining to this contention of lack of due process and find them unpersuasive. Finally, we reject petitioner's contention that the punishment was excessive. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.