■ In the Matter of JAMES WITHERSPOON, Petitioner, v EUGENE S. LEFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Clinton County) to review a determination of the Superintendent of the Clinton Correctional Facility which found petitioner guilty of violating a disciplinary rule. Petitioner is an inmate of the Clinton Correctional Facility. On March 28, 1980 an inmate misbehavior report was filed which charged him with, *inter alia,* violating rule 1.25 of the Standards of Inmate Behavior which prohibits the creation of, or participation in, a disturbance. As a result, petitioner was placed in a special housing unit and on March 31, 1980 he appeared before an adjustment

committee for consideration of the charges against him. The committee recommended that he be retained in the special housing unit pending a superintendent's proceeding. A notice and assistance form was filed by a correction counselor and a superintendent's proceeding was conducted on April 4, and continued through April 8. Petitioner was found guilty of the charges and on April 9, 1980 he was sentenced to 20 days in keeplock, 30 days loss of package privilege and 30 days loss of good behavior allowance. On April 17, 1980 this disposition was affirmed by the respondent Commissioner of Correctional Services. Thereafter, the instant article 78 proceeding was commenced. Petitioner contends that respondent's determination is against the weight of the evidence; that he was not given proper notice of the charges brought against him; that rule 1.25 is impermissibly vague; and that the superintendent's proceeding was untimely held. We disagree. Disciplinary action taken against an inmate by the Department of Correctional Services because of an alleged violation of a prison disciplinary rule must be supported by substantial evidence (see *Matter of Rodriguez v Ward,* 64 AD2d 792). At the superintendent's proceeding in the instant case, Correction Officer Lynch testified that when he arrived at the scene of the disturbance he noticed that a door to a classroom had been broken and that petitioner appeared upset. Moreover, he stated that petitioner and another inmate were being kept apart from each other by the other inmates. The fact that petitioner was involved in an argument which led to an altercation was corroborated by testimony of Correction Sergeant Klages. While contrary evidence was produced, we are of the view that questions of credibility were raised and that there is ample substantial evidence to support a finding that petitioner caused a disturbance in violation of rule 1.25, and, therefore, such finding should not be disturbed (see *Matter of Pike v Coughlin,* 78 AD2d 937). Considering the record in its entirety, we are also of the view that petitioner was adequately informed of the charges preferred against him in conformity with 7 NYCRR 253.2 (b). Next, we find that rule 1.25, which defines disturbance as: "creation, participation, or inciting others to participate (threat to security or order)", is not impermissibly vague in violation of subdivision 3 of section 138 of the Correction Law. Although the definition of disturbance is inartfully stated, we conclude that it gives all inmates the requisite notice that acts tending to threaten the security and order of the facility are prohibited. Clearly, arguments and altercations among inmates fall within the ambit of this rule. Finally, petitioner's contention that the superintendent's proceeding was untimely is without merit. Petitioner argues that a guideline promulgated by the Deputy Commissioner of Correction requires that a superintendent's proceeding be held within seven days of an inmate's detention. Even assuming, *arguendo,* that this guideline is binding on respondents, it was not violated in the instant case. Petitioner was placed in the special housing unit on March 28, 1980 and the superintendent's proceeding commenced on April 4, 1980. We have considered petitioner's other arguments and find them to be without merit. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.