■ In the Matter of LORENZO BOYD et al., Appellants, v THOMAS COUGHLIN, as Acting Commissioner of the New York State Department of Correctional Services, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Cerrito, J.), entered January 10, 1980 in Clinton County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Clinton Correctional Facility Adjustment Committee. Petitioners, inmates at the Clinton Correctional Facility, were assigned to work in the "State Shop". Upon accepting jobs as State Shop workers they were made aware of the possibility that Sunday labor could be required of them. Following their refusal to obey an order directing them to work on a Sunday, inmate misbehavior reports were filed against them and shortly thereafter an adjustment committee hearing was held to investigate the charges. At that hearing they were afforded an opportunity to hear the charges brought against them and to present oral evidence on their behalf. They were not allowed to present documentary evidence, call witnesses, or to have representation by either retained or appointed counsel. After affirming the charges, the adjustment committee imposed the following punishment: suspension from their jobs, seven days' keeplock, and the temporary loss of certain privileges. Petitioners' contention that they were entitled to more extensive due process rights than they were accorded at the adjustment committee hearing because keeplocking an inmate for seven days is suffi-

ciently punitive in nature to trigger those protections, finds support in *McKinnon v Patterson* (568 F2d 930, cert den 434 US 1087). We are constrained, however, to hold otherwise because of our ruling in *Matter of Hicks v LeFevre* (59 AD2d 423). There an adjustment committee's confinement of an inmate to a special housing unit for approximately nine days, pending a superintendent's proceeding, was specifically found to constitute *nonpunitive* action to which strict due process standards were inapplicable (see, also, *Matter of Amato v Ward*, 41 NY2d 469, 472-473). Judgment affirmed, without costs. Main, Mikoll and Yesawich, Jr., JJ., concur.

Kane, J. P., and Weiss, J., concur in the following memorandum by Kane, J. P. Kane, J. P. (concuring). The underlying controversy in this proceeding is one of substance, i.e., the right of an inmate to unilaterally determine what constitutes a lawful order. On prior occasions, the internal administrative procedures for disposition of inmate grievances in this State have received judicial approval both in this court and the Court of Appeals *(Matter of Amato v Ward*, 41 NY2d 469; *Matter of Flaherty v Fogg*, 72 AD2d 861; *Matter of Hicks v LeFevre*, 59 AD2d 423). Accordingly, it is not with constraint that we vote to affirm the dismissal of this proceeding for, in our view, these inmates were treated fairly and in accordance with such process as was due. We are instructed that the constitutional rights to which a prison inmate is entitled are not without limitations for "there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application" *(Wolff v McDonnell*, 418 US 539, 556).