■ In the Matter of WILLIAM WAGE, Petitioner, v EUGENE S. LeFEVRE, as Superintendent of the Clinton Correctional Facility, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Clinton County) to review determinations of respondents, which held that petitioner had violated certain prison disciplinary rules. In each of two superintendent's proceedings arising out of petitioner's refusal to come out of keeplock and rejoin the prison program, petitioner was found guilty of two charges, refusal to obey an order and failure to comply with the advice of counsel, and certain sanctions, including loss of good time, were imposed. In this proceeding, petitioner concedes his guilt of the refusal to obey orders charges, but contends that the charges of failure to comply with advice of counsel are not supported by substantial evidence since there is no evidence that he was given any advice. The first of the disputed charges alleged that petitioner refused to comply with advice given him at the adjustment committee hearing subsequent to his initial refusal to come out of keeplock. Since the presiding officer of that committee testified that during the hearing petitioner stated that he wanted to serve the remainder of his sentence in keeplock and was told that "he couldn't stay there for that period of time", there is no merit to petitioner's contention with respect to that charge. The second disputed charge alleged that petitioner refused to comply with advice given him at the adjustment committee hearing and/or the prior superintendent's proceeding. While there is nothing in the record concerning what petitioner was told at the second adjustment committee hearing, an examination of the transcript of the first superintendent's proceeding reveals that any argument of a lack of advice to petitioner that he must come out of keeplock and rejoin the prison program is pure sophistry, particularly in light of the result of the first proceeding. We also find no merit to petitioner's claim that he received an inadequate statement of the evidence relied on by respondents in affirming the disputed charges. The record reveals that the disciplinary proceedings here were conducted in accordance with department rules and regulations, which provide procedural protections beyond those required by due process (Matter of Amato v Ward, 41 NY2d 469, 472), and the record is adequate to allow judicial review (cf. Matter of Rodriguez v Ward, 64 AD2d 792). Petitioner's contention that the superintendent's proceedings were not conducted by impartial hearing officers has no support in the record. Determinations confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.