■ In the Matter of ARMANDO GUZMAN, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination made following a superintendent's proceeding held at the Great Meadow Correctional Facility which found that petitioner violated disciplinary rules 1.15 (assault) and 1.32 (dangerous weapon). Petitioner, while serving two concurrent terms for manslaughter at the Great Meadow Correctional Facility, was charged with assaulting another inmate and possession of a dangerous weapon on April 2, 1981 in violation of disciplinary rules 1.15 and 1.32, respectively. He was served on April 4, 1981 with a formal notice of these charges and requested that Correction Officer Rosado, inmates Jose Harris and Johnnie LaBoy, and the two Branch brothers be interviewed for a scheduled superintendent's hearing. The superintendent's proceeding was convened on April 6, 1981. Written statements from the witnesses requested by petitioner and from two other witnesses were read into the record. Testimony was also given by Lieutenant Mason, who had interviewed Walter Pless, the victim of the stabbing. The lieutenant stated that Pless identified petitioner as his assailant and that Pless claimed that petitioner was attempting to extort him and others. A Sergeant Coryer testified that Pless, upon his admission to the prison hospital, stated that he had been stabbed, and that the weapon with which he had been stabbed was in the small yard. The weapon was found there. A confidential witness was also interviewed. Prior to the conclusion of the superintendent's hearing, all the evidence except that from the confidential witness was summarized for petitioner, as was a statement of his rights. At no point did he request that oral testimony be taken from any additional witnesses. The fact that a portion of the record is confidential does not deprive a court of its ability to review the record, where, as here, the need for confidentiality is evident from the record. The due process rights of petitioner have not been violated in this regard as petitioner contends (see *Matter of Gross v Henderson,* 79 AD2d 1086). The hearing officer's conclusion that petitioner possessed a dangerous weapon and committed an assault is supported by substantial evidence and should not be disturbed (*Matter of Witherspoon v LeFevre,* 82 AD2d 959; *Matter of Pike v Coughlin,* 78 AD2d 937). The victim made a positive identification of petitioner as his assailant, and explained that the attack was part of an extortion scheme. Petitioner's claim that his due process rights were violated by the hearing officer's failure to have all of petitioner's requested witnesses testify in person is rejected (*Baxter v Palmigiano,* 425 US 308, 322). Moreover, petitioner did not make any objection to that procedure at the hearing at a time when such request could have been considered and any possible error corrected or avoided (see *Matter of Hicks v LeFevre,* 59 AD2d 423). The due process clause does not require that irrelevant, redundant or unnecessary witnesses be called, nor does it require that the reasons for refusing an inmate's witness request be specifically stated in the record (*Baxter v Palmigiano, supra*). Petitioner's contention that he did not receive the 24-hour notice of all charges against him as required by 7 NYCRR 253.3 (b) because the hearing officer referred to his past record of assaultive behavior at the time he found petitioner guilty and imposed punishment upon him, is without merit. The seriousness of the present offense and the violator's past record are valid considerations in assessing punishment. There is no indication that he was on trial for his past "assaultive record" in these

proceedings. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.