■ In the Matter of JOHN CUNNINGHAM, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term entered in Albany County) to annul a determination of a superintendent's proceeding which found petitioner guilty of violating certain facility rules. Petitioner was at all times referred to herein an inmate confined at the Great Meadow Correctional Facility. On October 10, 1982, two correction officers conducted a routine search of petitioner's cell and found, under the mattress of his bed, unattached and loose, the following items: three nine-inch wires, one bedspring, one 20-inch length of one-inch wide metal pipe, one 37-inch length of one-inch wide metal pipe, and one 18-foot rope made from bed sheets and string. An inmate misbehavior report was filed as a result of this discovery. Thereafter, an adjustment committee report referred the matter to a superintendent's proceeding. In that proceeding, petitioner was formally charged with the following violations concerning the items found loose under his mattress. "Violation of Rules 113.10 Inmate shall not make, possess contraband that may be classified as a weapon by description, use or appearance, 113.11 Inmates shall not possess any authorized item that has been altered in any manner so as to change its original intent or purpose, 116.10 Inmates shall not misuse or damage any type of state property." The hearing officer reviewed on the record the written statements previously obtained from three inmate witnesses whom petitioner had indicated he wished to have interviewed. He denied the charges

---

and the proceedings were adjourned for further investigation. The hearing officer next interviewed the two correction officers who discovered the items in petitioner's cell and the three inmate witnesses. Later, the hearing officer apprised petitioner of the information obtained from each witness and gave him the opportunity to comment thereon, which he did. The hearing officer sustained the charges except for the rope, and imposed penalties of four months loss of good time, 90 days in special housing and 90 days loss of commissary and packages privileges. This transferred CPLR article 78 proceeding followed. The determination of the superintendent's proceeding should be confirmed and the petition dismissed. The determination that petitioner violated the institutional rules charged is supported by substantial evidence. There was ample evidence that the enumerated items were secreted under the mattress of petitioner's bed. The metal items could easily be used as weapons, to intimidate or cause physical harm to other inmates or facility personnel. The hearing officer's conclusion that the confiscated items constituted "contraband that may be classified as a weapon by description, use or appearance" has a reasonable basis in the record. Petitioner's explanation that the items were merely parts of his dilapidated bed which had fallen and broken off or which had been broken off and removed by the correction officers in their search could well be disbelieved by the hearing officer. The conflicting evidence raised an issue of credibility to be resolved by the hearing officer (*Matter of Witherspoon v LeFevre*, 82 AD2d 959, mot for lv to app den 54 NY2d 606, app dsmd 54 NY2d 829; *Matter of Pike v Coughlin*, 78 AD2d 937). One can readily infer from the evidence that the loose items were secretly being kept for purposes other than which they were intended. We have considered petitioner's other contentions of error and find them unpersuasive. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Levine, JJ., concur.