■ In the Matter of ANTHONY W. SMITH, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Appellants. — Mikoll, J. Appeal from a judgment of the Supreme Court at Special Term (Graves, J.), entered February 9, 1984 in Washington County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate in Great Meadow Correctional Facility, was served with a misbehavior report charging him with violating inmate rule 113.10, which prohibits inmates from possessing any item of contraband that may be classified as a weapon by description, use or appearance. The charge was based on the alleged discovery of a razor blade on the underside of a bar of soap found in petitioner's cell during a frisk of the cell. Petitioner denied the charge and a Superintendent's proceeding was conducted. A written statement prepared by petitioner, presenting his version of the incident, was read into evidence. He told of verbal exchanges with correction officers concerning his right to witness the cell search, which direction to face and his lack of any rights. His statement also alleges that: "There is no way that I could have had a razor in my soap dish, because my soap dish was wide open on my desk with no soap in it, because I was washing with the soap, and when they came to shake or search the cell down, I just dropped the soap, and washcloth in the bucket of water. Secondly, the officers that worked the company

on shower day, they always pick them up and check them, as a matter of procedure * * * It's my strong belief that one of the officers that dislikes me because I speak my mind placed a razor in my soap dish, or there may just not be a finding of no such razor." At the beginning of the hearing, petitioner asked if the hearing officer took the opportunity to view the evidence. The hearing officer, noting that he had not yet had the opportunity to investigate, told petitioner that he would review the evidence and, if necessary, conduct interviews.

Later, the hearing officer stated that he would adjourn the hearing so that he could conduct an investigation, review the records and evidence and conduct interviews. Thereafter, petitioner heard taped interviews conducted of the correction officers. Petitioner was then asked if he had any other witnesses he would like to call on his behalf. He replied in the negative. Petitioner was found guilty and given 30 days in the special housing unit without commissary, packages or phone privileges, and also given 30 days' loss of time. Petitioner then appealed to respondent Commissioner of Correctional Services, who upheld said disposition.

Petitioner then commenced this CPLR article 78 proceeding to annul the administrative determination on the grounds that (1) he never received a copy of the rules which contained the instant charge, (2) the investigation of the hearing officer was inadequate, and (3) the razor found in petitioner's cell was not contraband. Respondents answered that there was a receipt from petitioner acknowledging his receipt of the inmate rules, that the investigation was full and complete, and that petitioner had the opportunity to protest the inadequacy of the investigation at the hearing where the error could have been corrected. Respondents also asserted in their answer that the rules for handling razors at the facility, of which petitioner was admittedly aware, made it obvious that possession of the razor blade was not authorized, and thus, contraband.

Special Term found no merit to the first and third issues raised by petitioner. As to the second issue, concerning the adequacy of the investigation, Special Term ruled that the failure to produce the razor at the hearing required annulment of the determination. Special Term found that "once an issue was raised as to the physical existence of the evidence, it was incumbent that the same be produced at the hearing". This appeal by respondents ensued.

Preliminarily, we note that Special Term erred in not transferring this proceeding to this court for disposition pursuant to CPLR 7804 (g). "Under such circumstances, this court is not

bound by Special Term's findings and will treat the proceeding as if it had been properly transferred here initially" (*Matter of Pratt v Melton,* 72 AD2d 887, *affd* 51 NY2d 837; *Matter of Daigle v State Liq. Auth.,* 35 AD2d 901).

Petitioner's argument that there was an obligation to produce the razor at the hearing "in light of the uncorroborated testimony of three correctional officers" is not persuasive. The issue presented is whether the determination of the Superintendent's proceeding, as upheld by the Commissioner, is supported by substantial evidence. Here, the three correction officers who testified at the hearing were eyewitnesses in whole or in part to the discovery of the razor blade found in petitioner's cell. The testimony of petitioner to the contrary created an issue of credibility for the hearing officer to resolve. There is substantial evidence in the record to support the determination of the Superintendent's proceeding (*Matter of Cunningham v Coughlin,* 97 AD2d 930; *Matter of Witherspoon v LeFevre,* 82 AD2d 959, *lv denied* 54 NY2d 606, *appeal dismissed* 54 NY2d 829). Moreover, petitioner never directly asked that the razor be produced at the hearing and the hearing officer's assurance that he would review the evidence during the course of the investigation, *if necessary,* seemed to satisfy petitioner since he made no further request for production of the razor when given the opportunity at the conclusion of the hearing. Confirmation of the Superintendent's proceeding determination is therefore required.

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.