■ In the Matter of LARRY SANDERS, Petitioner, v THOMAS COUGHLIN, III, as Commissioner of Correctional Services, et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Saratoga County) to review a determination of respondents which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner is an inmate at Mount McGregor Correctional Facility. On December 31, 1984, a routine search of the cell he shared with another inmate revealed the presence of two marihuana cigarettes in a knit hat belonging to petitioner and located on his side of the shared locker.

The determination of respondents finding petitioner in violation of a rule prohibiting the possession of contraband should be confirmed and the petition dismissed. There was substantial evidence adduced at the hearing to support the determination of guilt. A correction officer gave eyewitness testimony describing his discovery of the knit cap with the two marihuana cigarettes in it. Petitioner at first denied owning a knit cap or marihuana. He later admitted ownership of a knit cap but said that he had left it in the pocket of his jacket, not in the jacket hood where it was found. The record merely presented issues of credibility which were within the province of the hearing officer to resolve *(see, Matter of Burgos v Coughlin,* 108 AD2d 194, 198; *Matter of Witherspoon v LeFevre,* 82 AD2d 959, *appeal dismissed* 54 NY2d 829). In these circum-

stances, the eyewitness testimony and the written misbehavior report constituted the necessary substantial evidence *(see, supra).*

Other issues raised for the first time in petitioner's brief, but not at the hearing, cannot now be reviewed by this court and must be considered waived *(see, Matter of Mason v Le-Fevre,* 115 AD2d 922; *Matter of Guzman v Coughlin,* 90 AD2d 666).

Determination confirmed, and petition dismissed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.