■ In the Matter of Vanessa D. Young, Respondent, v Temporary Release Committee of Albion Correctional Facility et al., Appellants.—Order unanimously reversed, on the law, and petition dismissed. Memorandum: Petitioner, while an inmate at the Albion Correctional Facility, was terminated from the work-release program for failing to report to her designated furlough residence and failing to observe her assigned curfew. Special Term erred in directing respondents to hold a new temporary release revocation hearing to allow petitioner to call witnesses on her behalf. The record reveals that petitioner failed to request any witnesses at the temporary release revocation hearing, or at the Superintendent's hearing which preceded it *(see,* 7 NYCRR 254.5 [a]; *cf.* 7 NYCRR 1904.2 [b]) and thereby waived her claim *(see, Matter of Geddes v Wilmot,* 111 AD2d 474, 475; *Matter of Guzman v Coughlin,* 90 AD2d 666; *Matter of Hicks v LeFevre,* 59 AD2d 423, 425-426). Accordingly, we need not reach petitioner's constitutional claims. We note, however, that participation in a temporary release program is a privilege (Correction Law § 855 [9]), and that the scope of judicial review is limited to whether respondents violated any statutory requirement or whether respondents' determination was affected by irrationality bordering on impropriety; we find neither is the case here *(see, Matter of Gonzalez v Wilson,* 106 AD2d 386). (Appeal from order of Supreme Court, Orleans County, Miles, J.—art 78.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.