■ In the Matter of NEVILLE JACKSON, Petitioner, v EUGENE LeFEVRE, as Superintendent of Clinton Correctional Facility,

Respondent.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was an inmate at Clinton Correctional Facility when, on November 4, 1985, he was served with a misbehavior report charging him with fighting, assault with a weapon and possession of contraband. After a Superintendent's proceeding, petitioner was found guilty of the charges and a penalty of six months in keeplock, loss of 90 days of good time and loss of certain privileges was imposed. Petitioner commenced this CPLR article 78 proceeding challenging such determination, and the proceeding has been transferred to this court for disposition.

The correction officer who issued the misbehavior report testified at the Superintendent's proceeding that he saw petitioner fighting with an inmate named White. He testified that he saw petitioner carrying an object which appeared to be a homemade weapon and that, when approached, petitioner threw the object over a fence. A shank that was later found at the scene was identified by the correction officer to be the object petitioner was carrying. Also, it was established that White was hospitalized with puncture wounds. In opposition, petitioner offered his own testimony and that of White. Such evidence presented an issue of witness credibility for respondent to resolve (see, Matter of Cunningham v Coughlin, 97 AD2d 930, 931). The testimony of petitioner and White was inconsistent and it was not unreasonable for respondent to discredit such testimony. The evidence offered against petitioner, if believed, supports the administrative determination.

Lastly, we reject petitioner's claim that the Hearing Officer should have further investigated the charges. Petitioner received inmate assistance and he voiced no complaint about such assistance. Further, the Hearing Officer had no obligation to present petitioner's case for him.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Harvey, JJ., concur.