■ In the Matter of JONATHAN BRYANT, Appellant, v LOUIS MANN, as Superintendent of Shawangunk Correctional Facility, et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Cheeseman, J.), entered September 26, 1989 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services directing that petitioner be placed in administrative segregation.

On January 27, 1989, petitioner, an inmate at Shawangunk Correctional Facility in Ulster County, was placed under administrative segregation in the special housing unit of the facility. On January 30, 1989, petitioner was served with an administrative segregation recommendation which stated that he had been segregated due to staff observations and confidential information that provided reasonable cause to believe that his continued presence in the general population posed "a

---

* The order indicates that respondents consented to judicial dissolution under Business Corporation Law § 1104.

threat to the safety, security and good order of the * * * [f]acility". Petitioner was informed that a hearing would be held within 14 days of the receipt of the recommendation. On the following day, petitioner was served with another copy of the recommendation along with accompanying documentation, including an anonymous note accusing petitioner of planning a prison riot.

Prior to the hearing on this matter, petitioner requested the assistance of a prison employee and asked that the employee assistant contact certain inmates, read several documents to them and obtain written statements. The inmates were contacted but the assistant was forbidden by facility personnel to read to the inmates the charges against petitioner. Only one inmate gave a written statement but all of the inmates were allowed to testify at the hearing. The administrative segregation hearing itself began on February 6, 1989, 10 days after petitioner was admitted to the special housing unit, and took six days in total to complete. On the second day of the hearing, petitioner was informed that the confidential information alleged in the segregation recommendation concerned allegations that petitioner was intending to smuggle drugs into the facility. The Hearing Officer stated that he had reviewed the confidential information and its source and he found it to be reliable. However, he refused to divulge to petitioner how the information was received. At the hearing, the Hearing Officer also read to petitioner's witnesses the documents petitioner originally sought to have read to them. The Hearing Officer refused to call respondent Superintendent of the facility as a witness. Subsequently, the Hearing Officer accepted the recommendation that petitioner be placed in administrative segregation and this disposition was later affirmed by a designee of respondent Commissioner of Correctional Services. Petitioner then commenced this CPLR article 78 proceeding to challenge this determination. Supreme Court dismissed the petition and this appeal ensued.

Initially, we reject petitioner's contention that he was denied a timely administrative segregation hearing following his confinement to the special housing unit. Petitioner's argument is premised on the assumption that the seven-day time limitation for disciplinary or Superintendent's hearings contained in 7 NYCRR 251-5.1 (a) also applies to administrative segregation hearings. Supreme Court agreed with this argument but went on to hold that a violation of the seven-day time limitation did not require annulment of the Commissioner's determination because the limitation was directory rather than mandatory.

In our view, the seven-day rule urged upon this court by petitioner does not apply in this situation. The seven-day limit contained in 7 NYCRR 251-5.1 (a) specifically limits itself to disciplinary or Superintendent's hearings which are premised on misbehavior reports (see, 7 NYCRR 253.3, 254.3). Here, however, petitioner was involuntarily admitted to the special housing unit pursuant to an administrative segregation which does not contain a specific time limit for commencement of a hearing (see, 7 NYCRR 301.4). As such, it was only necessary that a hearing be commenced within a reasonable time to review the recommendation to administratively segregate petitioner (see, Hewitt v Helms, 459 US 460, 476, n 8). With respect to an inmate's confinement for reasons of prison security, courts have traditionally been reluctant to mandate any specific time limitation and what constitutes a reasonable time for an opportunity to be heard is flexible from case to case (see, Gittens v LeFevre, 891 F2d 38, 41). Here, respondents notified petitioner that a hearing would commence within 14 days of his initial confinement. It was not unreasonable under the circumstances of this case for 10 days to have passed before a hearing was commenced.

Next, petitioner advances several arguments in support of his contention that he was denied a fair and impartial hearing. We find these arguments to be unpersuasive. Initially, petitioner was not denied a fair hearing by the Hearing Officer's action in refusing petitioner's request to call the Superintendent of the facility as a witness because it would be redundant and inappropriate (see, 7 NYCRR 253.5 [a]; 254.5 [a]). The Superintendent's knowledge of the incidents in question which principally resulted in petitioner's segregation was confined to confidential information reviewed by the Hearing Officer and which speaks for itself. The only independent information the Superintendent could possess would involve investigative procedures, the disclosure of which would endanger the security of the facility.

Next, petitioner has failed to show that he was prejudiced by inadequate employee assistance (see, Matter of Samuels v Kelly, 143 AD2d 506, lv denied 73 NY2d 707). Although only one of his requested witnesses gave a written statement, no prejudice could have resulted because all of petitioner's potential witnesses testified except those he declined to call and the one the Hearing Officer refused to call (see, Matter of Serrano v Coughlin, 152 AD2d 790).

Petitioner also claims that he was denied adequate and timely notice of the principal allegations against him because

he was not expressly informed until the second day of the six-day hearing that the confidential information requiring his segregation involved his alleged efforts to introduce drugs into the facility. We do not agree. Although the notice of the charge was vague, greater detail was not possible due to the necessity of keeping the information and how it was received confidential in the interest of security *(cf., McCollum v Miller,* 695 F2d 1044; *Smith v Rabalais,* 659 F2d 539, *cert denied* 455 US 992). As for the timeliness of the notice, it is significant that there were four days remaining in the hearing once he was more specifically informed of the charge and petitioner merely denied that he was involved in an attempt to smuggle drugs. There is no indication that petitioner was unable to respond to the charges or otherwise present his views *(see, Matter of Flaherty v Fogg,* 72 AD2d 861, 862; *see also, Hewitt v Helms, supra,* at 476).

Finally, petitioner's remaining contentions that the Hearing Officer did not make an independent assessment of the reliability of the confidential information and engaged in prejudicial ex parte communication with the Superintendent have been examined and have been found to be without merit.

Judgment affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.