In the Matter of ELIDO MORALES, JR., Respondent, v DANIEL SENKOWSKI, as Superintendent of Clinton Correctional Facility, et al., Appellants.

Third Department, March 28, 1991

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Martin A. Hotvet* and *Peter G. Crary* of counsel), for appellants.

*Calvin Eleby, Jr.,* for respondent.

## OPINION OF THE COURT

LEVINE, J.

Petitioner, an inmate at Clinton Correctional Facility in Clinton County, was charged with violating the institutional rule against possession or sale of narcotics or controlled substances. The misbehavior report filed by Senior Investigator Thomas Kerwin alleged that, pursuant to an ongoing investigation, "confidential information received from usual reliable source(s) indicates you were involved in the illegal trafficking of narcotics" at the facility, in "Lower H APPU" (the Assessment Program and Preparation Unit),* during the period May 17, 1989 to June 23, 1989.

At the tier III hearing that followed, Kerwin was the only witness who gave open testimony in petitioner's presence. His testimony was essentially that he received reliable information of petitioner's violation from informants, but that to disclose the informants' identities expressly or through the contents of their reports would jeopardize their safety. Petitioner called no witnesses. He requested further details from the reports or tapes of the informants. After examining the reports, the Hearing Officer refused petitioner's request, concluding that disclosure, even with the informants' names redacted, would lead to their identification and subject them to possible retaliation. The Hearing Officer conducted a confidential interrogation of the informants, found them credible and, on the basis of their testimony, sustained the charge.

After an unsuccessful administrative appeal, petitioner brought the instant CPLR article 78 proceeding to annul, claiming that (1) his constitutional right to procedural due process and regulatory right to notice *(see,* 7 NYCRR 251-3.1) were violated by the vagueness of the misbehavior report and (2) the refusal to furnish him with any of the requested documentary evidence violated due process and his regulatory right to call witnesses *(see,* 7 NYCRR 253.5). Supreme Court agreed with petitioner's claim regarding the inadequacy of the

---

* For a description of this unit, see *Hall v Unknown Named Agents of N. Y. State Dept. for Correctional Servs.* (825 F2d 642).

misbehavior report to give petitioner a fair opportunity to defend against the charge and annulled the determination. The court did not reach petitioner's alternative claim. This appeal by respondents followed.

We reverse. It by now appears settled that this State, following Federal prisoners' rights cases dealing with the adequacy of the notice of charges, holds that an inmate's constitutional and regulatory rights to particularization in order to prepare a defense may be outweighed by reasonable concerns that further disclosure would risk the safety of prison informants (see, Matter of Lahey v Kelly, 71 NY2d 135, 144 [citing, inter alia, Smith v Rabalais, 659 F2d 539, cert denied 455 US 992]; Matter of Bryant v Mann, 160 AD2d 1086, 1089, lv denied 76 NY2d 706 [citing McCollum v Miller, 695 F2d 1044; Smith v Rabalais, supra]). We have examined the transcript of the Hearing Officer's interview of the informants and are satisfied that the Hearing Officer correctly determined that further details as to the times, places or methods of petitioner's drug-dealing activities would have created a serious risk of the disclosure of the identities of the informants. Therefore, the Hearing Officer's independent and direct verification of the credibility of the informants was sufficient to satisfy due process standards and the implementing State regulations (see, McCollum v Miller, supra, at 1048-1049; see also, Dawson v Smith, 719 F2d 896, 899, cert denied 466 US 929; Matter of Laureano v Kuhlmann, 75 NY2d 141, 146-148).

We find equally unavailing petitioner's alternative claim that his rights were violated by the denial of his request for documents. Petitioner initially made an open-ended demand for all documents "which resulted * * * in this investigation". Without deciding whether due process or the regulations entitle an accused inmate to such general discovery in a prison disciplinary proceeding, subsequent requests by petitioner made it clear that his actual objective was to obtain the reports or transcripts of interviews with the informants which had taken place during the investigation. While these reports were not furnished to this court for in camera inspection, they obviously covered the same information as the transcripts of the interviews of the same informants conducted by the Hearing Officer and, thus, were subject to the same concern that disclosure would jeopardize the informants' safety. The Hearing Officer so found. We are unimpressed with petitioner's contention that, in some redacted form, disclosure of the reports would not have risked identification of the informants.

As we have already concluded, any information in the reports as to the times, places and methods of petitioner's drug trafficking might well have enabled petitioner to identify the informants. "Any information falling short of this would have added nothing of value to the uninformative statement of charges which he did receive" *(McCollum v Miller, supra,* at 1048). It follows that the failure to furnish petitioner with redacted reports of informant interviews containing only information extraneous to the charges was, at most, harmless error.

For all the foregoing reasons, the determination sustaining the charge against petitioner should be upheld in all respects.

WEISS, J. P., MIKOLL, YESAWICH, JR., and MERCURE, JJ., concur.

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed.