■ In the Matter of RAFAEL CRUZ, Petitioner, v LIEUTENANT AMICO, as Acting Captain and Hearing Officer of Southport Correctional Facility, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

We initially find that petitioner has waived any objection to the designation of the Hearing Officer as he failed to object to the procedure at the hearing at a time when any error could have been corrected *(see, Matter of Finn v Leonardo,* 160 AD2d 1074, 1076; *Matter of Geddes v Wilmot,* 111 AD2d 474, *appeal dismissed* 66 NY2d 914, *lv denied* 66 NY2d 603). We likewise reject petitioner's claim that the Hearing Officer should have obtained certain evidence and further investigated the charges against petitioner before rendering his disposition *(see, Matter of Smith v Coughlin,* 111 AD2d 503, 505; *see also, Matter of Jackson v LeFevre,* 128 AD2d 1001, 1002).

Petitioner next contends that substantial evidence does not exist to support the Hearing Officer's determination of guilt. Petitioner was charged with failing to obey a direct order, participation in a disturbance and interfering with an employee's duties. The misbehavior report describes two separate disturbances in which petitioner allegedly participated, one in the gym yard and one in a corridor where petitioner and several other inmates were escorted from the gym yard. Correction Officer E. Charles, the author of the misbehavior report, testified that while he did not see the disturbance in the gym yard, he was a witness to the disturbance in the corridor and he specifically identified petitioner as a participant of that disturbance and petitioner's refusal to obey direct orders, thereby interfering with an employee's duties.

While we find that the testimony by Charles provided substantial evidence to support the determination of guilt with respect to the three charges resulting from the second disturbance in the corridor *(see, Matter of Bernacet v Cough-*

*lin,* 145 AD2d 802, *lv denied* 74 NY2d 603), we do not find sufficient evidence to support the determination with respect to the three charges resulting from the first disturbance in the gym yard. Here, the misbehavior report alone does not constitute substantial evidence of guilt, as it fails to adequately specify the offensive conduct attributed to petitioner *(see, Matter of Bryant v Coughlin,* 77 NY2d 642) and there was no testimony by any eyewitness to provide such evidence. Therefore, the determination with respect to said charges must be annulled and all references to said violations expunged from petitioner's records *(see, Matter of Vogelsang v Coombe,* 105 AD2d 913, 914, *affd* 66 NY2d 835). In addition, although the penalty was reduced on administrative appeal, we cannot assume, as respondents do, that this was due to the lack of evidence with respect to the first disturbance as no modification was made to the determination of guilt. Respondents must therefore reevaluate the penalty.

Yesawich Jr., J. P., Levine, Crew III, Mahoney and Harvey, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of the violations occurring in the gym yard; respondents are directed to expunge all entries in petitioner's records relating thereto and matter remitted to respondents for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.