■ In the Matter of ROBERT HAZEL, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, Respondent. [657 NYS2d 265] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged with violating certain prison disciplinary rules as a result of his participation in an assault upon another inmate. After a disciplinary hearing, he was found guilty of engaging in violent conduct, assaulting an inmate, possessing a weapon and smuggling. Petitioner commenced this CPLR article 78 proceeding challenging the administrative determination. Respondent moved to dismiss certain claims raised by petitioner and the motion was granted, in part, by Supreme Court. Following respondent's service of an answer to the remaining claims, Supreme Court transferred the proceeding to this Court for review.

Initially, we reject petitioner's claim that he was denied effective employee assistance. While petitioner contends that his assistant failed to interview two inmate witnesses who may have observed the incident, the record discloses that the assistant was unable to identify these witnesses based upon the scant information petitioner gave to him. Petitioner also asserts that his assistant failed to obtain necessary documents. The record discloses that the requested documentation was either confidential or nonexistent. Consequently, we conclude that the employee assistant was effective and that petitioner was not prejudiced by his assistant's actions or lack thereof (*see, Matter of Ventimiglia v Coombe*, 233 AD2d 610, 611; *Matter of Johnson v Coombe*, 228 AD2d 755, 756).

Likewise, we find no merit to petitioner's claim that the Hearing Officer did not independently assess the reliability of the confidential sources. Our in camera review of the transcript of confidential testimony discloses that the Hearing Officer engaged in thorough questioning of the confidential informants and conducted an in-depth evaluation of their reliability. We find his inquiry sufficient (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 119-120; *Matter of Scott v Coombe*, 228 AD2d 996, 997, *lv denied* 89 NY2d 801; *Matter of Otero v Coughlin*, 225 AD2d 841).

Petitioner further contends that the Hearing Officer was biased because he had already found petitioner guilty of the allegations under scrutiny in this proceeding in a prior hearing involving another inmate who was charged with the same violation as petitioner. We disagree. The record indicates otherwise. The Hearing Officer made no findings with respect to petitioner's guilt in the prior hearing.

Lastly, we find that the administrative determination is supported by substantial evidence. The misbehavior report, which was prepared after correction officers thoroughly investigated the incident, established that petitioner slashed another

inmate across the face with a razor blade. This, combined with the testimony of the confidential informants, provided substantial evidence supporting the administrative determination. We have considered petitioner's remaining claims and find them to be unavailing.

Mercure, Crew III, White and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.