■ In the Matter of MICHAEL HOWELL, Petitioner, v GLENN GOORD, as Commissioner of the Department of the New York State Correctional Services, Respondent. [674 NYS2d 851] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

On April 7, 1996 Edward Rodriguez, an inmate at Arthur Kill Correctional Facility in Staten Island, sustained serious injuries as a result of being assaulted in a laundry room of the facility. Due to the serious nature of Rodriguez's injuries, an investigation was conducted by the Inspector General's office which resulted in a misbehavior report charging petitioner with assaulting Rodriguez after an argument over drugs escalated into violence. Attached to this report was a confidential report written by Senior Investigator Ken Torreggiani. A tier III disciplinary hearing was held at Shawangunk Correctional Facility in Ulster County during which petitioner denied the allegations and called several witnesses who testified as to his lack of involvement. The victim, who was still hospitalized, testified that on the night in question he was struck in the head with a mop wringer but had no knowledge as to the identity of his assailant.

The matter was adjourned to allow the Hearing Officer to obtain the unusual incident report and to enable him to speak with Torreggiani, from whom he had previously taken confiden-

tial testimony. When the hearing resumed the Hearing Officer confirmed that he had spoken again to Torreggiani as well as another confidential source, and a redacted portion of the unusual incident report was read into the record. This report indicated, *inter alia*, that the victim had been found unconscious and in critical condition, suffering from traumatic brain injury. The Hearing Officer then declared that he had evaluated the confidential information, found it to be detailed and specific, and that it provided a motive for the assault and clearly pointed to petitioner as the assailant. Based on the misbehavior report, the confidential report and testimony and the unusual incident report, petitioner was found guilty of the charge.

Petitioner contends that his attorney should have been given access to the confidential testimony obtained by Torreggiani, subject to conditions regarding its disclosure. We disagree. It is clear that the ability of prison authorities to protect inmate-informants from exposure is critical to maintaining order. They must rely heavily on the willingness of informants to report violations and provide general intelligence. Thus, any attempt to limit the ability of prison authorities to protect their informants should be carefully scrutinized, since their ability to properly manage the facility would be seriously impaired if investigators were unable to insure informants complete confidentiality (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 122). In this instance, we find no compelling reason to deviate from established practice by providing confidential information to petitioner's counsel (*see, People ex rel. Vega v Smith*, 66 NY2d 130, 142; *Matter of Morales v Senkowski*, 165 AD2d 393).

Petitioner also contends that he should have been allowed to amend his petition to allege that the withholding of the unusual incident report deprived him of the ability to obtain the names of other suspects. We would first note that it appears from the record that petitioner was furnished with a copy of this report while it was being read into the record. In any event, we find that this request was properly denied since petitioner waived his right by never requesting a copy of the report prior to or during the hearing (*see, Matter of Lyde v Senkowski*, 239 AD2d 714, 715; *Matter of Kelly v Coughlin*, 192 AD2d 897, 898, *lv denied* 82 NY2d 819; *Matter of Shakoor v Coughlin*, 165 AD2d 917, 918, *lv denied* 77 NY2d 866). Further, the Hearing Officer has no duty to supply petitioner with information that may be used in his defense without first receiving a request from petitioner (*see, Matter of Jackson v LeFevre*, 128 AD2d 1001, 1002).

A written misbehavior report may constitute substantial evidence of misconduct and may be made by an employee who has observed the incident or ascertained the facts. As long as the report is sufficiently relevant and probative, it will support a determination of guilt though some of the information is based on hearsay (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966; *Matter of Parker v Goord*, 247 AD2d 694, 695; *Matter of Hazel v Coombe*, 239 AD2d 736, 737). Here, the Hearing Officer resolved conflicting testimony of witnesses and made his determination after careful evaluation of the confidential information which he found to be very detailed and specific, and which clearly pointed to petitioner as the perpetrator of the assault. Thus, we find that the administrative determination is supported by substantial evidence.

Mikoll, J. P., Mercure, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.