■ In the Matter of CLARENCE S. ROSS, Petitioner, v COMMISSIONER OF THE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [693 NYS2d 245] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of violating the prison disciplinary rule that prohibits assaulting a staff member. Presented in evidence at petitioner's tier III disciplinary hearing was the misbehavior report, recounting that petitioner poured floor-wax remover into the iced tea of a correction officer whom petitioner allegedly resented for not giving him a promised assignment to a single-occupancy cubicle in the inmate dormitory. The correction officer who authored the misbehavior report testified and confirmed its contents, stating that a thorough investigation into the incident had been conducted. The correction officer testified that all of the relevant evidence, including that supplied by inmate informants, showed that petitioner was the perpetrator. The confidential testimony of the inmate informants was also presented in evidence. One informant related that he had overheard petitioner planning the assault with other inmates. Another informant testified that petitioner discussed the incident with fellow inmates after it had occurred and admitted that he was responsible. Additional sources established that the inmate informants were credible and reliable. We find that substantial evidence supports the determination of petitioner's guilt (*see, Matter of Howell v Goord*, 251 AD2d 910, *lv dismissed and denied* 92 NY2d 1043).

Petitioner's assertions of procedural errors and omissions lack foundation in the record. In particular, his claim of Hearing Officer bias is belied by the record as there is no indication that the hearing was conducted in other than a fair and impartial manner (*see, Matter of Nieves v Coughlin*, 157 AD2d 943, 944). That the Hearing Officer credited the testimony of the witnesses who testified against petitioner over petitioner's own testimony and that of his inmate witnesses lay within his

authority as the trier of fact (*see, Matter of Green v Coombe*, 233 AD2d 659, *lv denied* 89 NY2d 808). As the resulting determination is based on substantial evidence, it will not be disturbed. Petitioner's remaining contentions have been considered and found to be without merit or unpreserved for our review.

Mikoll, J. P., Mercure, Crew III and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.