# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  October 30, 2014                518325
_____

In the Matter of JOSE RAMOS,
                    Petitioner,

        v

                                    MEMORANDUM AND JUDGMENT

ANTHONY ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  September 16, 2014

Before:  Peters, P.J., Stein, Garry, Lynch and Devine, JJ.

_____

        Jose Ramas, Wallkill, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Laura Etlinger of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

        After his urine sample tested positive for the presence of opiates, petitioner was charged in a misbehavior report with violating the prison disciplinary rule prohibiting drug use.  He pleaded guilty to the charge and explained that he had previously been prescribed a narcotic for back pain, improperly kept some of the pills for future use, and took them a few days before the drug test.  Petitioner was found guilty as charged, and that determination was affirmed on administrative appeal.  This CPLR article 78 proceeding ensued.

We confirm.  Inasmuch as petitioner pleaded guilty with explanation to the charge, he is now "precluded from challenging the sufficiency of the evidence supporting the determination of guilt" (Matter of Robinson v Prack, 119 AD3d 1309, 1309 [2014]; see Matter of Tingling v Fischer, 108 AD3d 989, 990 [2013]). Petitioner, in any event, readily admitted that he "did wrong" in retaining the narcotic instead of taking it when it was proffered.  Petitioner made no effort to submit any additional evidence in his defense and, contrary to his contention, the Hearing Officer had no independent obligation to do so (see e.g. Matter of Howell v Goord, 251 AD2d 910, 911 [1998], appeal dismissed 92 NY2d 939 [1998], lv dismissed and denied 92 NY2d 1043 [1999]).

Peters, P.J., Stein, Garry, Lynch and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and the petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court