Jack Stanislaw, J.
Petitioner proceeds, pursuant to article 78 of the CPLR, to compel the Zoning Board of Appeals of the Town of Smithtown to accept its applications for hearings on its appeals from the Town Building Inspector’s denial of building permits.
The Town Law (§ 267, subd. 2) contains the mandate that a Local Board of Appeals shall hear appeals and review administrative determinations. That direction is of no assistance to this petitioner, however, since the Zoning Board of Appeals has neither been named a party respondent nor has it been served (CPLR 7803, subds. 1, 3). For this reason, the court is without *136 jurisdiction to pass upon the merits of the proceeding. In addition, although the Town Planning Board is named a respondent herein, there does not appear to be a cause for action as against any of its acts set forth in the petition. On top of that, and assuming the Planning Board a proper party, it was not effectively served (CPLR, 312, 318).
Respondents’ motion to dismiss, properly made in view of the above, nevertheless is untimely. The motion must be served within the time allowed for answer, which is at least five days before the time at which the petition is noticed to be heard (CPLR 7804, subds. [c], [f]). The statutory reference to the time noticed for hearing requires a rejection of the analogy drawn by respondents to prior rule 64 of the Rules of Civil Practice, which was addressed to an actual hearing date. The latter permitted the inference that adjournment of a hearing date extended the time in which to serve answering papers or motions otherwise limited by measurement as to such hearing date. This does not appear to be the case now (CPLR 7804).
In view of all of the foregoing, the proceeding is dismissed on the court’s own motion. Settle order.