Harold J. Hughes, J.
This is a proceeding pursuant to CPLR article 78 which seeks, inter alia, to review the actions of the respondents, Commissioners of the Civil Service Commission, in refusing to declare certain job titles to be comparable or similar. The respondents have not answered, but have moved to dismiss the petition upon objections in point of law.
The petitioners have interposed certain procedural objec *910 tions to the notice of objections. They claim that the "Notice of Objections in Point of Law” is improper because it is not part of a notice of motion to dismiss the petition required by the statute (CPLR 7804, subd [f|). On the second page of the notice of objections, it is written: "Please take further notice that on the return date of the petition herein the respondents will move for dismissal thereof’. This statement constitutes adequate notice of the application for dismissal of the petition and amply complies with the statutory requirement, although it appears on the second page and not the first page of the document.
Petitioners also assert that the notice of motion was not timely served. The petition was made returnable on November 30, 1976. The Attorney-General requested an adjournment of the return date and petitioners consented to an adjournment to December 10, 1976. On December 3, 1976, respondents served their notice of motion to dismiss. Petitioners claim that a motion to dismiss must be made at least five days before the original return date, i.e., the date noticed on the petition, and not the actual hearing date where there are adjournments (Matter of E.Z. Bldrs. v Jones, 46 Misc 2d 135; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7804.08). This court, however, disagrees with those authorities and holds that, in the event an adjournment is granted on or prior to the return date specified in the notice of petition or order to show cause bringing on the proceeding, the adjourned date becomes the time "at which the petition is noticed to be heard” (CPLR 7804, subd [c]), and, thus, an answer or a notice to dismiss must be served within five days of the adjourned return date. This conclusion is based on the practicalities of the situation; if an attorney requests an adjournment, it usually is because he needs more time in which to prepare his papers. To give the attorney an adjournment without giving him additional time for the preparation of papers serves no useful purpose and is not in accord with accepted practice.
On the merits, the objections cannot be sustained. It is apparent that a party which was permitted to seek administrative review should not now be denied the status of a petitioner on the ground that it lacks standing to seek review of the administrative proceedings in which it participated. Even if the association lacked standing, it would not result in a dismissal of the petition inasmuch as the individual petitioners are entitled to have the matter heard on the merits. *911 Finally, the application to dismiss the class action is premature (CPLR 904).
The motion to dismiss the petition is denied, with costs. The proposed order shall provide that this proceeding be transferred to the Appellate Division (CPLR 7804, subd [g]).