OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed. A written misbehavior report by itself can constitute substantial evidence of an inmate’s misconduct (People ex rel. Vega v Smith, 66 NY2d 130). The report in this case is sufficiently *617 relevant and probative to support the findings of the hearing officer. Petitioner’s bare assertion of the defense of justification does not require the hearing officer to call the charging officer as a witness. The hearing officer has no duty to cross-examine anyone, including the reporting officer (People ex rel. Vega v Smith, supra, p 141). If petitioner wished to cross-examine the charging officer, he had the right to call the officer as a witness (see, Matter of Coleman v Coombe, 65 NY2d 777). However, petitioner did not choose to exercise this right. The only witness called by petitioner could not substantiate his justification defense. Thus, the essential issue at the hearing was credibility, and the hearing officer was entitled to credit the charging officer’s report (People ex rel. Vega v Smith, supra, p 141).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur; Judge Hancock, Jr., taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, without costs, and the judgment of Supreme Court, Dutchess County, dismissing the petition reinstated in a memorandum.