■ In the Matter of GEORGE ROGERS, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which found that petitioner had violated certain prison disciplinary rules.

Petitioner, an inmate at Great Meadow Correctional Facility, was charged in a misbehavior report dated July 30, 1984 with violating prison rules prohibiting fighting and possession of a weapon. The report, written and signed by Correction Officer Richard Kingsley, described the incident, which occurred at about 3:00 P.M. on July 30, 1984, as follows:

"On the above date [and] time I (Officer R. Kingsley) observed [petitioner] fighting with another inmate in the Big Yard, between Tower 4 [and] the back of the bleachers. [Petitioner] fell down [and] got back up pulling two rods, approx. 8 to 12 inches long, from his pant legs. Holding a rod in each hand [petitioner] attempted to stab the other inmate. I ordered the inmates to 'stop fighting', at which time both inmates looked up [and] than *[sic]* ran. [Petitioner] ran under the bleachers with the weapons. He then ran back out heading for first base of the softball field carrying his jacket * * *

"[Petitioner] never left my sight from the time I observed the weapons in his hands till Sgt. Whitney escorted him to the Sgt. stand."

Additionally, another correction officer wrote and signed an interdepartmental communication regarding the incident which supported and complemented Kingsley's report. A second interdepartmental communication describing portions of the incident further supported Kingsley's version of the incident.

At the Superintendent's proceeding, petitioner pleaded not guilty and requested that three inmate witnesses be produced. Petitioner testified that it was a case of mistaken identity and that he was just sitting or standing near the bleachers when the officers came over and took him to the sergeant's stand. Based upon the misbehavior report, the two communications from the other officers, the testimony of petitioner's inmate witnesses and petitioner's own testimony, the hearing officer found petitioner guilty of violating prison rules prohibiting fighting and possession of a weapon. On administrative appeal, respondent affirmed the hearing officer's findings. This CPLR article 78 proceeding ensued.

The determination of respondent should be confirmed and the petition dismissed. The decision is supported by substantial evidence in the record. The recent Court of Appeals decision in *People ex rel. Vega v Smith* (66 NY2d 130) disposes of the only issue raised by petitioner. The misbehavior report, the communications of the other two officers and the testimony given at the hearing furnished " 'such relevant proof as a reasonable mind may accept as adequate to support' " the hearing officer's findings of guilt and such evidence, therefore, constituted substantial evidence *(supra,* at p 139, quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180).

Moreover, petitioner had the right to call Kingsley as his own witness to bring out any weaknesses in Kingsley's identification of petitioner, but chose not to do so *(see,* 7 NYCRR 254.5; *Matter of Perez v Wilmot,* 67 NY2d 615, 617; *Matter of Burgos v Coughlin,* 108 AD2d 194, 197). The question in the instant proceeding was one of credibility and there were sufficient facts upon which the hearing officer could rely to credit the charges made by Kingsley *(see, Matter of Perez v Wilmot, supra,* p 617; *People ex rel. Vega v Smith, supra,* p 141; *Matter of Gonzales v LeFevre,* 105 AD2d 909, 910).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.