■ In the Matter of MILTON JONES, Petitioner, v THOMAS COUGHLIN, III, as Commissioner of Correctional Services, et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondents finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Clinton County Correctional Facility, was served with a misbehavior report charging him with a violation of institutional rule 113.12 based upon his alleged possession of marihuana. He was determined to be guilty after a Superintendent's proceeding and a penalty of 60 days' keeplock and two months' loss of good time and other privileges was imposed. Following adverse administrative review, petitioner commenced the instant CPLR article 78 proceeding by notice of motion returnable at Supreme Court on January 31, 1986. Supreme Court subsequently transferred the proceeding to this court.

Petitioner now contends that respondents failed to timely interpose an answer to his petition five days prior to the January 31 return date and therefore may not oppose his petition here. This claim is unavailing. The record establishes that on January 31 Supreme Court granted an adjournment of this matter to February 21. Thus, respondents were required to serve answering papers by February 16, 1986 (see, CPLR 7804 [c]; Matter of Narcotic Parole Officers Assn. v Bahou, 88 Misc 2d 909, 910). Since February 16 was a Sunday, and the following day was a national holiday, respondents' service of answering papers on February 18 was timely (see, General Construction Law § 25-a [1]).

Petitioner's assertion that the disposition at the Superintendent's proceeding was not supported by substantial evidence is without merit. The sole basis for this claim is the Hearing Officer's failure to honor petitioner's request that either the contraband or a picture of it be introduced into evidence. The officers testified, however, to observing another inmate hand petitioner two cigarettes, to frisking petitioner and finding the two cigarettes in his pants pocket, and to testing the cigarettes positively for marihuana. This testimony was more than sufficient to sustain the determination of guilt (see, Matter of Smith v Coughlin, 111 AD2d 503, 505).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.