■ In the Matter of PATRICK GONZALEZ, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to annul a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at a State correctional facility, seeks to annul a determination finding him guilty of violating an institutional rule prohibiting the possession of marihuana. On

July 10, 1985, Correction Officer L. Newell was ordered to frisk petitioner. As Newell and petitioner were ascending a flight of stairs to the area where the frisk was to take place, petitioner moved rapidly ahead of Newell and threw an object into a garbage can located at the top of the stairs. Newell looked into the can and found what later tested to be six marihuana cigarettes lying on top of the full can of garbage. A misbehavior report was filed against petitioner and a Superintendent's hearing ensued.

At the hearing, evidence against petitioner included testimony by Newell, the misbehavior report written by Newell on July 10, 1985, and the results of the test which revealed that the substance found in the garbage can was marihuana. Petitioner testified, denying the charges against him. Although petitioner admitted throwing an object into the garbage can, he asserted it was merely a tissue. Petitioner was found guilty and sentenced to 90 days of keeplock, loss of commissary, packages and telephone privileges for 90 days and loss of 60 days' good time. The Superintendent's determination was affirmed by respondent Commissioner of Correctional Services. Petitioner then commenced the instant proceeding.

A prison disciplinary determination will be upheld if it is supported by substantial evidence *(People ex rel. Vega v Smith,* 66 NY2d 130; *Matter of Gonzales v LeFevre,* 105 AD2d 909).* Here, Newell appeared in person and testified as to the facts as set forth above. Under these circumstances, the evidence linking petitioner and the substance found in the garbage can was not so tenuous as to constitute bare surmise, conjecture or speculation *(see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180). To the extent petitioner's testimony contradicted Newell's, a credibility issue existed which was within the province of the Hearing Officer to resolve *(see, Matter of Sanders v Coughlin,* 119 AD2d 943; *Matter of Hickman v Coughlin,* 115 AD2d 105, 106). We conclude that the eyewitness testimony of Newell, his written misbehavior report and the results of the test on the substance found in the garbage can provided the necessary substantial evidence to support the Commissioner's determination.

Having concluded that there was substantial evidence to support the Commissioner's determination, we find petitioner's due process argument meritless *(see, People ex rel. Vega v Smith, supra,* p 142).

Determination confirmed, and petition dismissed, without

costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.