■ In the Matter of JEFF SINCLAIR, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of a Disciplinary Hearing Officer dated February 22, 1985, that the petitioner had violated two rules of the correctional facility, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Green, J.), entered May 14, 1985, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The Supreme Court properly dismissed the proceeding. The disciplinary proceedings fully complied with the dictates of due process and the applicable State rules and regulations (7 NYCRR part 250 *et seq.; Wolff v McDonnell,* 418 US 539; *Pino v Dalsheim,* 605 F Supp 1305). The petitioner's claim that the Hearing Officer's determination was not supported by substantial evidence is raised for the first time on appeal and therefore is not properly before us. In any case, the Hearing Officer's determination was based upon substantial evidence *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 139). In this case, the correction officer who filed the report of misbehavior against the petitioner testified at the hearing. The essential issue was credibility, and the Hearing Officer was entitled to credit the charging officer's version of the events *(see, Matter of Perez v Wilmot,* 67 NY2d 615, 616).

The petitioner's remaining claim, that the Supreme Court deprived him of his right to present evidence in support of his CPLR article 78 petition, is unsupported by the record which indicates that the petitioner was given sufficient opportunity to present his case. The petitioner did not offer any further evidence nor request an opportunity to do so. Both the disci-

plinary proceeding and the proceeding pursuant to CPLR article 78 were conducted in a fair and impartial manner. Accordingly, we affirm. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.