■ In the Matter of GREGORY GAYLE, Petitioner, v E. S. LeFevre, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County), to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On November 24, 1986 petitioner, an inmate at Clinton Correctional Facility, was charged in an inmate misbehavior report filed by Correction Officer Michael Early with insolent behavior and refusal of a direct order. It appears that Early was stationed outside a yard door through which inmate traffic passed and Correction Officer David Jenkins was inside the door. According to Early's report, petitioner attempted to pass through the door without permission and disobeyed his initial order to stop. When petitioner finally stopped, he argued with Early about access to the law library and then about producing his identification card.

At the Tier II disciplinary hearing conducted by Lt. Robert De Fayette, petitioner was read Early's report. Petitioner decided not to call Early as a witness. Instead he called Jenkins, who stated that he went out the door to speak with

Early and witnessed petitioner arguing with Early and refusing to obey Early's order. Petitioner himself admits that he paused to question the order not to enter the corridor. Based on this testimony, petitioner was found guilty and was sentenced to 30 days' confinement with loss of privileges. This determination was upheld on administrative appeal. Supreme Court transferred this CPLR article 78 proceeding to this court on the basis of the existence of a substantial evidence question.

We affirm upon a finding that substantial evidence clearly supports the determination *(see, Matter of Perez v Wilmot,* 67 NY2d 615, 617; *People ex rel. Vega v Smith,* 66 NY2d 130, 139-143). Accordingly, the determination should be confirmed and the petition dismissed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.