■ In the Matter of BOBBIE SCARBOROUGH, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Franklin County), to review a determination of respondents which found petitioner guilty of violating a prison disciplinary rule.

On September 15, 1986, Correction Officer George Williams filed an inmate misbehavior report charging petitioner with violating the following prison rules: rule 100.20, which prohibits inmates from engaging in conduct which disturbs the order of any part of the facility, and rule 109.10, which states that inmates shall not be out of place in any area of the facility. The acts underlying the charges occurred when Williams saw petitioner attempting to move ahead of other inmates in the mess hall line. Williams stated in his report that a pushing incident, loud argument and a gathering of inmates ensued. Williams purportedly intervened and restored order.

At his ensuing disciplinary hearing, petitioner pleaded not guilty and called two inmates as witnesses. Petitioner did not call Williams as a witness. Petitioner and his witnesses stated that he had been out of the regular meal line, but they denied the occurrence of any pushing or arguing. Relying upon the written misbehavior report and parts of the testimony of the witnesses, the Hearing Officer found petitioner guilty of violating rule 100.20, but not guilty of violating rule 109.10. The disposition given out by the Hearing Officer was 10 days in keeplock, which was deferred for 60 days. The Hearing Officer's disposition of the case was affirmed upon administrative review, and this proceeding ensued.

Petitioner contends that the determination was not supported by substantial evidence. We cannot agree. A written

misbehavior report can constitute substantial evidence to support a determination that an inmate has violated prison rules *(Matter of Perez v Wilmot,* 67 NY2d 615, 616). The written report is sufficient so long as it contains relevant proof which a reasonable mind could accept as adequate to support the administrative finding *(People ex rel. Vega v Smith,* 66 NY2d 130, 139). Here, a review of the Hearing Officer's report reveals that it meets this standard. Accordingly, we conclude that the record contains sufficient proof to support the administrative finding.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Yesawich, Jr., and Harvey, JJ., concur.