■ In the Matter of DEXTER WASHINGTON, Petitioner, v CHARLES SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents.—Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was an inmate at Green Haven Correctional Facility when, on September 6, 1986, he was served with a misbehavior report charging him with violating a facility rule prohibiting inmates from engaging in sexual acts. A Superintendent's proceeding was held after which petitioner was found guilty as charged. Upon administrative appeal, the finding of guilt was affirmed by the Commissioner of Correctional Services. Petitioner then commenced this CPLR article 78 proceeding which has been transferred to this court for disposition.

Petitioner claims that the determination is not supported by substantial evidence. We disagree. Although the correction officer who issued the misbehavior report did not testify, a written misbehavior report can constitute substantial evidence to support a determination that an inmate violated a prison disciplinary rule *(see, People ex rel. Vega v Smith,* 66 NY2d 130). Additionally, there was testimony by another correction officer which, although he did not witness the entire incident,

tended to support the facts alleged in the misbehavior report. Petitioner offered testimony in opposition. This, however, presented only an issue of credibility for the Hearing Officer to resolve *(see, Matter of Jackson v LeFevre,* 128 AD2d 1001, 1002; *Matter of Witherspoon v LeFevre,* 82 AD2d 959, 960, *appeal dismissed* 54 NY2d 829, *lv denied* 54 NY2d 606). The misbehavior report here was made out and signed by the correction officer witnessing the incident; it described with specificity the scene witnessed and the rule allegedly violated *(see, People ex rel. Vega v Smith, supra,* at 140). In such circumstances, the written report and the testimony presented were sufficient to constitute substantial evidence supporting the determination that petitioner violated the disciplinary rule as charged.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.