■ In the Matter of GREGORY GAYLE, Petitioner, v E. S. LeFevre, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating various prison disciplinary rules.

On May 1, 1987, after a Tier II disciplinary hearing at Clinton Correctional Facility, petitioner was found guilty of violating prison rules prohibiting the refusal of a direct order, verbal threats and abusive language. A fourth charge of verbal harassment was dismissed. The penalty imposed was 30 days' confinement to his cell and loss of various privileges. This determination was based on a misbehavior report dated April 28, 1987, prepared and signed by Correction Officer J. Cross and initialed by "RJB Sgt". As described in the report, Cross escorted petitioner earlier that afternoon from the yard area to his cell, when petitioner became hostile and began to yell obscenities and threats, ignoring Cross' directive to "quiet down". Petitioner was then "locked in" without further incident. Prior to the hearing, petitioner received a copy of the report and met with an assistant, but did not request any witnesses. While Cross did not testify, his report was read into the hearing record. Petitioner pleaded not guilty, and focused his defense on the fact that the report failed to explain why he was being escorted from the yard area.

In our view, the misbehavior report, which was explicit and contemporaneous, provided substantial evidence for the Hearing Officer's determination (see, Matter of Perez v Wilmot, 67 NY2d 615; People ex rel. Vega v Smith, 66 NY2d 130; Matter of Washington v Scully, 138 AD2d 874; Matter of Burgos v Coughlin, 108 AD2d 194, lv denied 66 NY2d 603). As emphasized by the Hearing Officer, the reason that petitioner was being escorted back to his cell was not relevant to the misconduct charges at issue. Moreover, the Hearing Officer was under no obligation to cross-examine Cross, and petitioner neglected the opportunity to call this officer as a witness (see, supra). Petitioner's denials of culpability and his explanation at the close of the hearing that the charges were brought against him because he witnessed several officers assault

another inmate simply posed an issue of credibility. The Hearing Officer could readily credit the charging officer's report *(see, supra; Matter of Rogers v Coughlin,* 120 AD2d 844, 845). Finally, petitioner's assertion that the Hearing Officer was biased finds no support in the record *(see, Matter of Aliym v Miles,* 138 AD2d 833).

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.