■ In the Matter of FRED NERI, Petitioner, v THOMAS COUGHLIN, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—Harvey, J.

Petitioner, an inmate at Auburn Correctional Facility in Cayuga County, was served with a misbehavior report charging him with a violation of prison disciplinary rule 113.12 which prohibits possession of controlled substances. The report had been written by Correction Officer R. M. Davia and alleged that during a search of petitioner's cell approximately seven grams of marihuana were found in three rubber balloons under petitioner's mattress. At the ensuing hearing, petitioner testified that he believed Davia had filed a false misbehavior report in order to retaliate against petitioner for previous differences between the two individuals. Petitioner called two witnesses who indicated that they had observed heated verbal exchanges between petitioner and Davia, and that Davia had threatened revenge.

Petitioner also insisted that he be allowed to see the marihuana which was allegedly seized from his cell. After petitioner's repeated request to view the evidence, the Hearing Officer produced a photograph of the marihuana and the balloons stored in the evidence locker which had allegedly been found in petitioner's cell. The photograph, however, revealed two balloons as well as an apparent smaller quantity of marihuana than had been indicated in the misbehavior report.

Because of the apparent discrepancies, Davia was called to testify. Davia testified that the photograph appeared to depict the marihuana he had found in petitioner's cell. The chain of custody was not questioned. Addressing the issue of why a third balloon was not in the photograph, several possible explanations were suggested including, *inter alia,* that it may have been in a fold in the envelope or that it may simply have been omitted from the photograph. With respect to the amount of marihuana, Davia stated "I don't know how much

this weighs". The Hearing Officer cut short this line of testimony since he regarded the specific amount of marihuana involved as not "terribly important in terms of this hearing".

Petitioner was found guilty of the possession charge. The Hearing Officer based his decision upon the misbehavior report, Davia's testimony and the test which had indicated that the substance in question was marihuana. Petitioner, who had a lengthy record of disciplinary problems, received a penalty of one year in the special housing unit together with the loss of commissary, telephone and package privileges for that period. The disposition was affirmed upon administrative review and this CPLR article 78 proceeding ensued.

Initially, petitioner contends that the Hearing Officer's failure to produce the marihuana which he was charged with possessing constituted a violation of due process. We cannot agree. The requirements of due process are flexible and involve a balancing of relevant interests (see, Mathews v Eldridge, 424 US 319, 334-335). The due process rights of an inmate include, inter alia, the right to call witnesses and present documentary evidence in his defense (see, Wolff v McDonnell, 418 US 539, 566). In order to meet the minimum requirements of due process a determination against an inmate must be based upon "some evidence" in the record (Superintendent v Hill, 472 US 445, 455), a standard lower than the substantial evidence test (see, People ex rel. Vega v Smith, 66 NY2d 130, 142). This court has previously held that a charging officer's testimony with respect to seized evidence is "more than sufficient" to satisfy an inmate's request for production of the physical evidence (Matter of Jones v Coughlin, 125 AD2d 883).

Here, petitioner requested the production of the controlled substance. In response to this request, the Hearing Officer produced a photograph of the evidence. When petitioner questioned the accuracy of the photograph, the charging officer, Davia, was brought in to testify. Davia testified that he found a substance which later proved to be marihuana in petitioner's cell. Neither the chain of custody nor the test were questioned. Since the amount of marihuana was irrelevant to the question of whether a violation of the prison rule against possession of *any* controlled substances had occurred, the Hearing Officer refused to allow the hearing to digress into that issue. To the extent the purported discrepancy between the amount of marihuana listed in the misbehavior report and the amount in the evidence locker reflected on Davia's credibility, this was evident from the photograph and, as a credibil-

ity question, was within the province of the Hearing Officer to resolve *(see, Matter of Gonzalez v Coughlin,* 126 AD2d 800, 801). Petitioner has not shown how the actual production of the physical evidence would have aided his defense.

Petitioner's contention that the determination was not supported by substantial evidence is meritless. The misbehavior report, together with the testimony of Davia and the result of the test on the contraband, provided ample evidence to support the determination *(see, supra).*

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.