■ In the Matter of GARY NELL, Petitioner, v WALTER R. KELLY, as Superintendent of Attica Correctional Facility, Respondent. Memorandum: The only issue raised in this CPLR article 78 proceeding, properly transferred to this court pursuant to CPLR 7804 (g), is whether the determination that petitioner violated inmate rule 113.12 is supported by substantial evidence.

A written misbehavior report itself can constitute substantial evidence of an inmate's violation of inmate rules *(Matter of Perez v Wilmot,* 67 NY2d 615, 616; *People ex rel. Vega v Smith,* 66 NY2d 130, 133). The misbehavior report here describes with specificity an incident witnessed by a correction officer and the inmate rules allegedly violated; it is dated the day following the alleged incident and it is signed by its

author. The report, therefore, is sufficiently probative to support the determination. Additionally the correction officer testified at petitioner's Tier III disciplinary hearing. Petitioner testified that he was holding a syringe but denied possessing a hypodermic needle. The essential issue at the hearing was credibility, and the Hearing Officer was entitled to credit the charging officer's testimony and report *(Matter of Curl v Kelly,* 125 AD2d 948; *see also, Matter of Perez v Wilmot, supra,* at 617; *People ex rel. Vega v Smith, supra,* at 140). (Article 78 proceeding transferred by order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.