■ In the Matter of JAMES MOLEY, Petitioner, v EUGENE LEFEVRE, as Superintendent of Clinton Correctional Facility, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

A misbehavior report stated that petitioner was observed storming out of a hearing office, uttering obscenities to the Hearing Officer and slamming the door. He neither attended nor produced witnesses at his Tier II hearing which was conducted in his absence. The misbehavior report was read into the record and accepted as evidence. Petitioner was found guilty of verbal harassment and punishment was imposed. In this proceeding petitioner contends that he had transactional immunity, which entitled him to remain mute in response to the charge, and that the misbehavior report does not constitute substantial evidence of his guilt.

The misbehavior report, which was explicit and contempora-

neous, provided substantial evidence for the Hearing Officer's determination finding petitioner guilty (see, Matter of Perez v Wilmot, 67 NY2d 615; People ex rel. Vega v Smith, 66 NY2d 130; Matter of Gayle v LeFevre, 139 AD2d 866; Matter of Washington v Scully, 138 AD2d 874; Matter of Burgos v Coughlin, 108 AD2d 194, lv denied 66 NY2d 603). Petitioner's assertion that the Hearing Officer was biased finds no support in the record (see, Matter of Gayle v LeFevre, supra; see also, Matter of Aliym v Miles, 138 AD2d 833). Nor is there any connection with or merit to petitioner's argument that he was entitled to stand mute because he had transactional immunity in connection with an earlier shooting incident at the facility.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.