■ In the Matter of LEROY GIBSON, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Clinton Correctional Facility in Clinton County, allegedly patted a civilian teacher employed at the facility on the buttocks as she passed him on a stairway. As a result of the incident, petitioner was charged with violating prison rules which prohibit inmates from physically interfering with employees and from harassing employees with obscene gestures. Following a disciplinary hearing, petitioner was found guilty of the charge of harassing an employee by obscene gestures. The disposition was affirmed upon administrative appeal. This proceeding ensued.

Petitioner contends that the determination was not supported by substantial evidence. We cannot agree. At the hearing, the teacher testified that as she was descending the stairway from the second floor of the annex school an inmate patted her buttocks and made a remark which she could not clearly discern. She testified that she was unable to identify the inmate because she did not look at him as they passed in the stairway. However, as soon as she reached the bottom of the stairs, she reported the incident to Correction Officer Tyler Smith. Testifying at the hearing, Smith related that as soon as the teacher told him of the incident, he knew it was

petitioner since he had observed petitioner ascending the stairs immediately prior to the complaint. Smith testified that he called Correction Officer Bruce Jarvis, who was at the top of the stairway, to ascertain whether any other inmates could have been in the stairway. Jarvis indicated that no other inmate, except petitioner, was in the stairway at the relevant time. Jarvis also testified at the hearing regarding his observations. This testimony clearly constitutes sufficient evidence to support the administrative determination (see, People ex rel. Vega v Smith, 66 NY2d 130, 139; Matter of Scarborough v Coughlin, 137 AD2d 933).

Petitioner's remaining contentions have been considered and found meritless.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.