■ In the Matter of ROY TAYLOR, Petitioner, v THOMAS A.

COUGHLIN, as Commissioner of Correctional Services, et al., Respondents.—Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Superintendent of Clinton Correctional Facility which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, while an inmate at Clinton Correctional Facility in Clinton County, was charged with refusing a direct order and being out of place in the facility. A Tier II disciplinary hearing was held after which petitioner was found guilty of only the latter charge. The Hearing Officer imposed no penalty and instead simply counseled and advised petitioner to comply with prison rules and regulations.

Petitioner claims the decision was not supported by substantial evidence. In support of this claim, he argues that the Hearing Officer improperly based his determination on a misbehavior report prepared and signed by Correction Officer Gordon La Bonte and cosigned by Correction Officer Todd La Mare. The report states that La Mare announced that all inmates in petitioner's company scheduled to make phone calls were to proceed to the posted waiting area. Five minutes later, according to the report, La Bonte observed petitioner standing on a windowsill talking with someone. La Bonte called petitioner up front and, after speaking with him, petitioner allegedly became abusive. At the hearing, petitioner waived his right to have an employee assistant and did not request any witnesses, although informed of his right to do so. La Bonte did not testify but his report was read into the record. Petitioner disputed La Bonte's account of the incident, claiming that he had not heard the announcement to proceed to the designated area and in the meantime climbed up to a windowsill to collect an item dropped down to him by a friend in an upper tier. Petitioner claimed that when he reached the designated area, it was La Bonte who began to yell at him and to harass him.

Contrary to petitioner's assertions, a misbehavior report may by itself provide substantial evidence of an inmate's conduct if it is sufficiently relevant and probative (Matter of Perez v Wilmot, 67 NY2d 615). The report in this case clearly satisfied this requirement. It was concise and was written by the correction officer involved in the incident on the same day of the incident's occurrence (see, Matter of Gayle v LeFevre, 139 AD2d 866). Furthermore, La Bonte's report stated that he saw petitioner on the windowsill and petitioner admitted this.

La Bonte's presence at the hearing was not required *(see, Matter of Perez v Wilmot, supra)*. In any event, if petitioner wished to cross-examine La Bonte, he had the right to call him as a witness *(see, supra)*. As to petitioner's claim that the Hearing Officer should have credited his version of the incident, that was a matter of credibility for the Hearing Officer to resolve *(see, Matter of Gayle v LeFevre, supra)*.

We have also examined petitioner's claims that the Hearing Officer was biased and that he improperly cross-examined petitioner, and find these claims equally lacking in merit and unsupported in the record *(see, Matter of Aliym v Miles,* 138 AD2d 833). As noted, the Hearing Officer dismissed the more serious charge of disobeying a direct order and no penalty was imposed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.