■ In the Matter of MARK LA BOUNTY, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a disciplinary rule.

Petitioner, an inmate at Clinton Correctional Facility in Clinton County, violated prison inmate rule 116.12* by allegedly filing six fraudulent overtime slips. Two of these slips bore the signature of a nonexistent correction officer; four were undated and bore illegible signatures. These six fraudulent slips were stapled to two of petitioner's legitimate overtime slips. While petitioner admits that he completed the overtime slips in question, he claims to have done so as a joke. He testified that perhaps a fellow inmate turned in the slips at a time when he, petitioner, was working in the facility's kitchen area. At his disciplinary proceeding, the only witness petitioner offered, the head cook, failed to corroborate petitioner's claim. A guilty determination was affirmed on administrative appeal and this proceeding ensued.

Petitioner's contention that substantial evidence to support the determination is lacking is unpersuasive. The correction officer who discovered the questionable slips filed the misbehavior report upon which the Hearing Officer, in part, relied. That report, coupled with petitioner's admission at the hearing that he prepared the false overtime slips, which were submitted together with legitimate overtime slips as one packet, constitutes sufficient evidence to support the administrative determination (see, Matter of Gibson v Coughlin, 142 AD2d 862, 863).

---

* Rule 116.12 provides that "[i]nmates shall not alter, forge, counterfeit or distribute any facility document".

There is, however, merit to petitioner's assertion that $1.42 was improperly deducted from his account. Respondents bear the burden of proving that, as a result of the spurious overtime slips, $1.42 was wrongfully credited to petitioner's account (State Administrative Procedure Act § 306 [1]). There is, however, nothing in the record to indicate that this amount was ever credited to petitioner's account.

Petitioner's remaining arguments are unsupported by the record.

Determination modified, without costs, by annulling so much thereof as deducted $1.42 from petitioner's account, and, as so modified, confirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.