■ In the Matter of Alfred Brown, Petitioner, v Thomas A. Coughlin, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Determination unanimously modified on the law and as modified confirmed, and matter remitted to respondent Coughlin for further proceedings, in accordance with the following memorandum: Petitioner was an inmate at Auburn Correctional Facility when he was charged with violating Standards of Inmate Behavior rules 100.11 and 107.11. Rule 100.11 provides that "[i]nmates shall not assault, inflict or attempt to inflict bodily harm upon any staff member." Rule 107.11 directs that "[i]nmates shall not verbally or in writing harass employees or any other persons. This includes using insolent, abusive and/ or obscene language and gestures." Following a disciplinary hearing, petitioner was found guilty of both charges. The disposition was affirmed upon administrative appeal, and this proceeding ensued.

According to the misbehavior report, petitioner was the only individual who was in a position to strike the correction officer. Additionally, the facility's Deputy Superintendent testified that petitioner's hand was discolored following the incident. Such proof was sufficiently relevant and probative to support the determination that petitioner violated Standards of Inmate Behavior rule 100.11 (see, Matter of Perez v Wilmot, 67 NY2d 615; People ex rel. Vega v Smith, 66 NY2d 130;

*Matter of Gibson v Coughlin,* 142 AD2d 862). The charge of verbal harassment, however, is not supported by substantial evidence. Rule 107.11 deals exclusively with verbal and written conduct or gestures. The misbehavior report states that upon being asked to remove his "dew rag" from his head, petitioner responded "Do you want me out of here", and the correction officer answered in the negative. That utterance by petitioner is insufficient to support the determination that he violated Standards of Inmate Behavior rule 107.11 *(cf., Matter of Moley v LeFevre,* 141 AD2d 1001).

Petitioner's remaining contentions, advanced for the first time on appeal, are not timely raised *(see, Matter of Krall v Kelly,* 142 AD2d 951).

Accordingly, so much of the determination as found that petitioner violated Standards of Inmate Behavior rule 107.11 must be annulled and expunged from petitioner's record. Since the penalty imposed resulted from a determination of guilt on both charges, the matter is remitted to respondent Coughlin for the imposition of an appropriate penalty. (Article 78 proceeding transferred by order of Supreme Court, Cayuga County, Contiguglia, J.) Present—Dillon, P. J., Callahan, Doerr, Green and Lawton, JJ.