■ In the Matter of JOSEPH REDD, Petitioner, v ROBERT H. KUHLMANN, as Superintendent of Sullivan Correctional Facility, et al., Respondents.—Yesawich Jr., J. Proceeding pursuant

to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondents which found petitioner guilty of violating certain prison disciplinary rules.

Polly Ash, a teacher at Sullivan Correctional Facility in Sullivan County, received two threatening and sexually harassing calls while at work on April 19, 1990; the second call was traced to the telephone in the industry area of the facility. Although petitioner, an inmate, was the only person in the area of that telephone at the time in question, he claims he was in the bathroom, not on the telephone, and that a determination to the contrary is not supported by substantial evidence. Following a tier III Superintendent's hearing, petitioner was found guilty of violating inmate rules 107.11 (verbal harassment), 102.10 (threats) and 121.10 (abuse of telephone privileges). The tier III hearing disposition was affirmed on administrative appeal, whereupon petitioner commenced the instant proceeding seeking annulment and expungement.

There is no force to petitioner's contention that substantial evidence to support the determination is lacking. The inmate misbehavior report filed by Ash describes the timing and content of the telephone calls. A memorandum from Barbara Gabriel, a senior telephone operator at the facility, explains the process she used to locate the source of the second telephone call. Memoranda and recorded testimony from Correction Officer Russell Turner, who was working with an inmate crew including petitioner and two others in the industry area at the time of the incident, and from Sergeant Tim Manzolillo, who responded to the report of the incident, confirmed that petitioner was the only inmate in the area of the telephone immediately after the calls were made; notably, Manzolillo pointed out that petitioner could have brought the phone into the bathroom and petitioner himself admitted the telephone is "just a little ways *[sic]* from the bathroom". Moreover, when called by petitioner to testify as a witness on petitioner's behalf, Ash recognized his voice as being similar to that of the person who had made the calls to her. Although the two other inmate members of the crew working in the area at the time of the incident testified that they saw petitioner walk out of the bathroom and that they did not see him near the phone, one admitted his attention was diverted part of the time and the other was in the maintenance shop with another correction officer when the calls were made.

Petitioner's denial of culpability and his assertion that he

was "set up" merely raised an issue of credibility which was within the province of the Hearing Officer to resolve *(see, Matter of Gayle v LeFevre,* 139 AD2d 866, 866-867). Although no one actually saw petitioner on the telephone at the time in question, the evidence, taken as a whole *(see, Matter of Thomas v Coughlin,* 145 AD2d 695, 696), is sufficient to support the administrative determination *(see, Matter of La Bounty v Coughlin,* 153 AD2d 981, *lv denied* 75 NY2d 703).

While we agree with petitioner that the telephone tracing test employed during the hearing to validate that the calls were initiated at the industry area telephone is flawed, this is of no real significance for Gabriel's memorandum, in and of itself, provides ample basis for a reasonable inference that the calls in question were indeed made from that telephone *(see, Matter of Gonzalez v Coughlin,* 126 AD2d 800, 801; *cf., Matter of Bogle v Coughlin,* 162 AD2d 789). We have considered petitioner's remaining contentions and find them also without merit.

Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.