In the Matter of JOSEPH VEGA, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. [600 NYS2d 540] —Determination unanimously confirmed and petition dismissed. Memorandum: We reject petitioner's contention that respondents' determination finding him guilty of possession of a weapon was not supported by substantial evidence. The misbehavior report by itself can constitute substantial evidence of an inmate's misconduct *(Matter of Perez v Wilmot,* 67 NY2d 615, 616; *People ex rel. Vega v Smith,* 66 NY2d 130). In addition to the report, the correction officer who authored the report testified that he found the weapon hidden in the light

fixture in petitioner's cell. Although petitioner claimed that the weapon was not his and that the officer had a personal grudge against him, the essential issue at the hearing was credibility, and the Hearing Officer was entitled to credit the charging officer's report and testimony *(see, Matter of Perez v Wilmot, supra,* at 617). The contraband was found hidden in petitioner's cell, giving rise to a " 'virtually irresistible inference of inmate impropriety' " *(Matter of Hernandez v LeFevre,* 150 AD2d 954, 955, *lv denied* 74 NY2d 615; *see, Matter of Sanchez v Coughlin,* 132 AD2d 896, 898). There is no merit to the other claims of impropriety raised in the petition. (Article 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Callahan, J. P., Pine, Lawton, Doerr and Davis, JJ.