■ In the Matter of JASON NICHOLAS, Petitioner, v VICTOR HERBERT, as Superintendent of Collins Correctional Facility, Respondent. [600 NYS2d 545] —Determination unanimously confirmed and petition dismissed. Memorandum: Respondent's determination finding petitioner guilty of harassing a correction officer and being out of place in the facility is supported by substantial evidence. The misbehavior report is sufficiently relevant and probative to support the findings of the Hearing Officer *(see, Matter of Bryant v Coughlin,* 77 NY2d 642, 647; *Matter of Perez v Wilmot,* 67 NY2d 615, 616; *People ex rel. Vega v Smith,* 66 NY2d 130).

There is no merit to petitioner's contention that inmate rule 107.11 (7 NYCRR 270.2 [B] [8] [ii]), which prohibits verbal harassment of employees, including the use of insolent, abusive and/or obscene language, is invalid because it prohibits constitutionally protected expression. Several factors are relevant in determining the reasonableness of the regulation at issue: (1) whether there is a " 'valid, rational connection' " between the regulation and the legitimate governmental interest put forward to justify it; (2) whether prison inmates have an alternative means of exercising the asserted right; (3) the impact that accommodation of the asserted constitutional rights will have on guards and other inmates; and (4) whether ready alternatives exist that accommodate the claimed right

and satisfy the valid institutional interests *(Turner v Safley,* 482 US 78, 89-91; *Salahuddin v Coughlin,* 993 F2d 306). The inmate rule prohibiting verbal harassment of correction officers and the use of "insolent, abusive and/or obscene language" (7 NYCRR 270.2 [B] [8] [ii]) must be judged by the reasonableness standard, which is less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights *(see, O'Lone v Estate of Shabazz,* 482 US 342, 349; *Salahuddin v Coughlin, supra).* Prisons cannot permit inmates to direct insolent and abusive language toward correction officers or the authority of such officers would be seriously impaired and undermined. Accordingly, the inmate rule challenged is not invalid as prohibiting constitutionally protected expression.

Although it might have been better if the Hearing Officer had called the other two correction officers to testify at the hearing, we conclude that the Hearing Officer was entitled to rely upon the statements set forth in the misbehavior report and that the report sufficiently established that petitioner did not have permission to be at the Law Library. There is no merit to petitioner's argument that inmate rule 109.10 (7 NYCRR 270.2 [B] [10] [ii]) is void for vagueness. That rule plainly informs inmates that they must have permission to move about the facility and that they are not allowed to be in certain areas of the facility without permission. (Article 78 Proceeding Transferred by Order of Supreme Court, Erie County, Glownia, J.) Present—Denman, P. J., Callahan, Boomer, Davis and Boehm, JJ.