■ In the Matter of BERNARD PATTERSON, Petitioner, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correc-

---

7. $72,000 expense for professional fees amortized over five years.
8. Figure from defendant's expert.

tional Facility, Respondent. [612 NYS2d 84] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Clinton Correctional Facility in Clinton County, was charged with violations of rule 113.10 [7 NYCRR 270.2 (b) (14) (i)] (possessing a weapon) and rule 113.11 (possession of an altered item) and found guilty after a hearing. Following unsuccessful administrative review, petitioner brought this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g), seeking to annul the determination.

Petitioner argues that the administrative determination was not supported by substantial evidence. We disagree. The substantial evidence standard is met where " 'in the end the finding is supported by the kind of evidence on which reasonable persons are accustomed to rely in serious affairs' " *(People ex rel. Vega v Smith,* 66 NY2d 130, 139, quoting *National Labor Relations Bd. v Remington Rand,* 94 F2d 862, 873, *cert denied* 304 US 576).

It is well settled that a written misbehavior report can constitute substantial evidence of an inmate's misconduct *(Matter of Foster v Coughlin,* 76 NY2d 964; *Matter of Perez v Wilmot,* 67 NY2d 615; *People ex rel. Vega v Smith, supra).* The misbehavior report at issue here reflects that the correction officer conducted a search of petitioner's clothes while petitioner was alone in the shower. Such search revealed a toothbrush with a melted handle and two loose razor blades found in the pocket of petitioner's chino jacket. At the hearing, petitioner claimed that the jacket and the items found therein were not his. Although there were no other inmates in the shower at the time, approximately 30 other inmates were out of their cells in the vicinity.

We find such report to be sufficiently relevant and probative as it was concise and written by the correction officer involved in the search on the day that the items were found *(see, Matter of Taylor v Coughlin,* 143 AD2d 489). Petitioner's claim that the coat was not his but had been in the shower area when petitioner arrived merely created a question of credibility for the Hearing Officer *(see, Matter of Foster v Coughlin, supra; Matter of Mabery v Coughlin,* 168 AD2d 879, *lv denied* 77 NY2d 808; *Matter of Caldwell v Coughlin,* 148 AD2d 905). With the Hearing Officer able to assess petitioner's credibility,

coupled with the detailed account in the misbehavior report, we find that the determination was supported by substantial evidence. We reach this conclusion because the weapons and items at issue were found in an area within petitioner's control even though petitioner's access may not have been exclusive (see, Matter of Valentine v Coughlin, 200 AD2d 838; Matter of Mabery v Coughlin, supra). Petitioner's remaining claims have been considered and found to be without merit.

Cardona, P. J., White, Casey and Weiss, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.