■ In the Matter of OMAR ORO, Petitioner, v JOHN P. KEANE, Respondent. [621 NYS2d 902] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Correctional Services, dated January 22, 1993, which confirmed a determination of the Superintendent of Ossining Correctional Facility, dated November 3, 1992, finding, after a hearing, that the petitioner had violated institutional rules and imposing a penalty.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

On October 26, 1992, an "Inmate Misbehavior Report" was filed charging the petitioner, an inmate at Ossining Correctional Facility, with violations of that institution's rules, to wit, the possession of narcotic drugs and smuggling. The petitioner denied the charges. After a hearing, at which the correction officer who filed the report testified that he personally observed the petitioner remove from his pocket a yellow balloon containing the contraband and throw it towards another inmate, the petitioner was found guilty.

Contrary to the petitioner's contentions, the correction officer's testimony, along with the "Inmate Misbehavior Report", constituted substantial evidence of the petitioner's misconduct since they demonstrated such relevant proof as a reasonable mind may accept as adequate to support the conclusion that the petitioner was guilty of the charges brought against him

*(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180; *Matter of Perez v Wilmot,* 67 NY2d 615, 617; *People ex rel. Vega v Smith,* 66 NY2d 130). To the extent that the petitioner disputed the correction officer's testimony, this presented an issue of credibility which was within the province of the Hearing Officer, as the trier of fact, to resolve *(see, Matter of Perez v Wilmot, supra,* at 617; *People ex rel. Vega v Smith, supra,* at 130; *Matter of Gonzalez v Coughlin,* 126 AD2d 800). Accordingly, we find no reason to disturb the determination. Miller, J. P., Joy, Krausman and Goldstein, JJ., concur.