■ JESSE J. GILLMER, an Infant, by LOWELL J. GILLMER et al., His Parents and Natural Guardians, et al., Appellants, v TOWN OF DANSVILLE et al. Respondents. [642 NYS2d 831] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Bradstreet, J. (Appeal from Order of Supreme Court, Steuben County, Bradstreet, J.—Summary Judgment.) Present—Denman, P. J., Green, Lawton, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY BRADLEY, Appellant. [642 NYS2d 831] —Judgment unanimously affirmed. Counsel's application to withdraw granted (*see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Ontario County Court, Sirkin, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Wesley, Callahan, Doerr and Boehm, JJ.

■ In the Matter of AL BLAKE, Petitioner, v PHILIP COOMBE, JR., as Acting Commissioner of New York State Department of Correctional Services, Respondent. [642 NYS2d 831] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: We reject the argument of petitioner that he was denied the right to call a witness at the disciplinary hearing. The record does not establish that petitioner requested the testimony of that witness at the disciplinary hearing (*see, Matter of Gomez v Coughlin,* 140 AD2d 902, 904).

The determination that petitioner violated inmate rule 113.10 (7 NYCRR 270.2 [B] [14] [i]), prohibiting possession of a weapon by an inmate, is supported by substantial evidence. Petitioner's denial of the charge raised an issue of credibility, which the Hearing Officer resolved against petitioner (*see, Matter of Perez v Wilmot,* 67 NY2d 615, 617). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Pine, J. P., Wesley, Callahan, Doerr and Boehm, JJ.