■ In the Matter of RONNIE COVINGTON, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [693 NYS2d 250] —Graffeo, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of violating the prison disciplinary rule that prohibits possession of a weapon. Evidence presented at petitioner's tier III disciplinary hearing included the misbehavior report, authored by a civilian electrician who had been repairing the light fixture in petitioner's cell when he found a concealed nine-inch-long sharpened metal rod in the fixture housing. The misbehavior report was consistent with the electrician's hearing testimony, wherein he stated that the metal rod was in his exclusive possession from the time he discovered it until he turned it over to the State Police.

We find this sufficient to constitute substantial evidence in support of the determination of petitioner's guilt (*see, Matter of Vega v Coughlin*, 195 AD2d 1076).

Petitioner's claims that procedural errors denied him the right to a fair hearing are without foundation. While certain of petitioner's requests for witnesses were denied by the Hearing Officer, this was for the stated reason that their testimony would be irrelevant or redundant (*see, Matter of Cowart v Pico*, 213 AD2d 853, 855, *lv denied* 85 NY2d 812). That petitioner did not receive written refusal forms regarding these witnesses is harmless error, given his failure to demonstrate that his case suffered any prejudice from the lack thereof (*see, Matter of Morrison v Selsky*, 246 AD2d 939).

Petitioner's allegations of Hearing Officer bias are also rejected. While it is evident that the Hearing Officer credited the testimony presented against petitioner over that presented on his behalf, the resolution of issues of credibility lay within his authority (*see, Matter of Patterson v Senkowski*, 204 AD2d 831, 832-833). As the resulting decision was based on substantial evidence, it will not be disturbed. Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P. J., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.