■ In the Matter of HERBERT BURGESS, Petitioner, v MICHAEL MCGINNIS, as Superintendent of Southport Correctional

Facility, et al., Respondents. [732 NYS2d 742] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule which prohibits inmates from making false statements. The evidence presented at petitioner's disciplinary hearing included the misbehavior report which related that petitioner had written a letter of complaint to respondent Superintendent of Southport Correctional Facility, reporting that an inmate in a neighboring cell was cooking food. When the reporting correction officer investigated petitioner's complaint by searching the inmate's cell, he found no evidence of cooking or burning of any kind to support it, causing him to conclude that petitioner had fabricated the allegation so he could move to a different cell.

Substantial evidence of petitioner's guilt was presented in the form of the detailed misbehavior report (see, Matter of Foster v Coughlin, 76 NY2d 964, 966; Matter of Lawrence v Edwards, 261 AD2d 404). Although petitioner contends that the charge is unfounded, this assertion raises an issue of credibility which was resolved against petitioner in the discretion of the Hearing Officer (see, Matter of Perez v Wilmot, 67 NY2d 615, 617; Matter of Pabon v Goord, 275 AD2d 824). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P. J., Mercure, Spain, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.