█ In the Matter of Larry Johnson, Petitioner, v Donald Selsky, Respondent. [844 NYS2d 714]—Proceeding pursuant to CPLR article 78 to review a determination of the respondent the Director of Special Housing/Inmate Disciplinary Program of the New York State Department of Correctional Services, dated May 1, 2006, which confirmed a determination of a hearing offi-

cer dated March 7, 2006, made after a Tier III disciplinary hearing, finding the petitioner guilty of violating Prison Disciplinary Rules 106.10 (7 NYCRR 270.2 [B] [7] [i]), 114.10 (7 NYCRR 270.2 [B] [15]), and 115.10 (7 NYCRR 270.2 [B] [16]), and imposing a penalty.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Contrary to the petitioner's contention, the testimony of the correction officers, along with the "Inmate Misbehavior Report," constituted substantial evidence of his guilt (*see Matter of Shannon v Goord,* 284 AD2d 680 [2001]; *Matter of Oro v Keane,* 211 AD2d 796, 796-797 [1995]). The conflict between the testimony of the petitioner and that of the correction officers merely presented an issue of credibility which the hearing officer was free to resolve against the petitioner (*see Matter of Nelson v Selsky,* 239 AD2d 795 [1997]). Rivera, J.P., Krausman, Florio and Dillon, JJ., concur.