Froceeding pursuant to CFLR article 78 to review determinations of the New York State Department of Correctional Services (1) dated April 12, 2010, which affirmed a determination of a hearing officer dated February 27, 2010, made after a tier *1332 III disciplinary hearing, and (2) dated May 21, 2010, which affirmed a determination of a hearing officer dated April 28, 2010, made after a tier II disciplinary hearing, both finding that the petitioner was guilty of violating prison disciplinary rules, and imposing penalties.
Adjudged that the determinations are confirmed, without costs or disbursements, the petition is denied, and the proceeding is dismissed on the merits.
Contrary to the petitioner’s claims, the subject misbehavior reports and the hearing testimony provided substantial evidence to support the hearing officers’ determinations that the petitioner violated prison disciplinary rules (see Matter of Kendrick v New York State Dept. of Correctional Serv., 88 AD3d 881, 882 [2011]; Matter of Mills v Fischer, 85 AD3d 1033 [2011]; Matter of Maxwell v Fischer, 74 AD3d 1342, 1343 [2010]; Matter of Reyes v Goord, 49 AD3d 546 [2008]; Matter of Johnson v Selsky, 45 AD3d 595, 596 [2007]).
Contrary to the petitioner’s contention, he was adequately apprised of the charges against him arising from an incident that took place on February 14, 2010, and he was not denied due process with respect to the proceedings stemming from that incident. Among other things, the petitioner admittedly received a legible copy of the misbehavior report, which provided sufficient particulars to enable him to prepare an adequate defense (see Matter of Salvatierra v Weeden, 88 AD3d 728, 729 [2011]; Matter of Mills v Fischer, 85 AD3d at 1034).
The petitioner’s remaining contentions are without merit. Skelos, J.E, Florio, Roman and Miller, JJ., concur.