■ In the Matter of DAVID MAFUZ, Petitioner, v GLENN GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [688 NYS2d 282] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of violating the prison disciplinary rules that prohibit assaulting another inmate, disobeying a direct order, engaging in conduct that disturbs the order of the facility, fighting, possessing a weapon and engaging in violent conduct. Upon administrative appeal, the charge of engaging in conduct that disturbs the order of the facility was dismissed and the penalty imposed was modified. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78, subsequently transferred to this Court, to challenge respondent's determination.*

The various arguments raised by petitioner do not warrant extended discussion. Petitioner's assertion that he was denied effective employee assistance because his assistant failed to procure certain witnesses and documentary evidence is meritless. The record reflects that the only witness requested by petitioner was the inmate victim, who refused to testify and executed a witness refusal form to that effect (*see, Matter of Gold v Bradt*, 254 AD2d 674, *lv denied* 92 NY2d 819). To the extent that petitioner asserts that he was denied the opportunity to identify other potential witnesses due to the Hearing Officer's refusal to provide him with the facility's log book, which would have identified those inmates working in the area where the underlying incident occurred, we are of the view that petitioner's access to such document was properly denied for valid security reasons (*see generally, Matter of Hazel v Coombe*, 239 AD2d 736, 737). Equally unpersuasive is petitioner's claim that the Hearing Officer who presided over petitioner's tier III hearing was not impartial. Our independent review of the hearing transcript fails to reveal any indication of bias (*see, Matter of McBride v Selsky*, 257 AD2d 930). Petitioner's remaining contentions have been examined and found to be lacking in merit.

---

* Although petitioner has abandoned his claim that the underlying determination is not supported by substantial evidence, we will retain this matter in the interest of judicial economy (*see, Matter of Vasquez v Coombe*, 225 AD2d 925, 926, n).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.