■ In the Matter of WAYNE TATUM, Petitioner, v MARTIN HORN, as Commissioner of the New York City Department of Correction, et al., Respondents. [830 NYS2d 99]—

Determination of respondent Commissioner of Correction, dated November 22, 2005, which terminated petitioner's employment as a correction officer, unanimously confirmed, the petition denied, and this CPLR article 78 proceeding (transferred to this Court by order of Supreme Court, New York County [Faviola A. Soto, J.], entered March 1, 2006) dismissed, without costs.

We note at the outset that petitioner has abandoned his claim that the Correction Commissioner's decision was not based upon substantial evidence, which was the basis of the transfer to this Court (CPLR 7804 [g]). Nevertheless, we resolve this matter in the interest of judicial economy (*see Matter of Mafuz v Goord*, 260 AD2d 806 n [1999]).

The Department of Correction presented ample evidence at the hearing that petitioner had violated numerous departmental rules. Indeed, the evidence showed that petitioner was absent without authorization on multiple dates, failed to sign out of the correctional facility to which he was assigned, failed to contact his superiors when required, and committed an act of insubordination by failing to obey a supervisor's order. These acts, none of which petitioner denied, properly resulted in his termination.

In addition, contrary to petitioner's arguments, the Department of Correction was not obliged to send him to its early intervention counseling program, a program that is discretionary, not mandatory. In any event, the value of such counseling would have been questionable in light of petitioner's long disciplinary history.

Petitioner's remaining arguments were not raised at the hearing and thus are not properly before this Court (*Matter of Yarbough v Franco*, 95 NY2d 342, 347 [2000]). Concur— Nardelli, J.P., Williams, Buckley, Catterson and McGuire, JJ.