■ In the Matter of MICHELE VAN OSTEN, Petitioner, v MARTIN HORN, as Commissioner of the New York City Department of Correction, et al., Respondents. [830 NYS2d 131]—

Determination of respondent Commissioner of the New York City Department of Correction, dated December 22, 2005, dismissing petitioner from her position as a New York City correction officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Marcy S. Friedman, J.], entered September 12, 2006) dismissed, without costs.

The extensive records adduced by respondents at petitioner's hearing, documenting petitioner's many absences from work, constituted substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]) in support of the specification that respondent's absences had been excessive and inadequately explained, and that she was unable to perform the full range of her duties as a correction officer. Under the circumstances, termination is not a sanction shocking to our sense of fairness (*see Matter of Kelly v Safir*, 96 NY2d 32, 39-40 [2001]).

While petitioner's argument that her termination was procedurally defective is not properly before us, not having been raised at the administrative level, were we to reach it we would find it without merit. Petitioner's termination was accomplished in accordance with the procedures mandated by Civil Service Law § 75 (2), and we perceive no ground to conclude, as petitioner urges, that the informal, nonpunitive mechanism adopted by respondent Department to address certain employee misconduct limited the Department's prerogative to initiate formal disciplinary proceedings pursuant to the Civil Service Law.

We have considered petitioner's remaining contentions and find them unavailing. Concur—Friedman, J.P., Nardelli, Buckley, Catterson and McGuire, JJ.