Determination of respondent Commissioner, dated March 22, 2007, dismissing petitioner from his position as a correction officer, unanimously confirmed, the petition denied, and the proceeding, brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Lottie E. Wilkins, J.], entered January 23, 2008), dismissed, without costs.
*557 The findings that petitioner failed to effectively perform his duties in 2004 and 2005 due to excessive absenteeism and the excessive use of sick leave, and engaged in insubordinate conduct unbecoming of an officer in 2004 and 2006 by refusing to comply with numerous orders from superior officers, are supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]; see Matter of Tatum v Horn, 37 AD3d 285 [2007]), and we find no basis to disturb the findings of the Administrative Law Judge (see Matter of Berenhaus v Ward, 70 NY2d 436, 444 [1987]).
We decline to consider petitioner’s argument that respondent Department of Correction violated procedure by not providing a memorandum of complaint prior to issuing certain specifications and charges against him, as he failed to raise this issue in either his original or amended petition (see Matter of Cocozzo v Ward, 162 AD2d 202, 203 [1990]).
In light of the nature of petitioner’s conduct, we find that the penalty imposed is not shocking to our sense of fairness (see Matter of Van Osten v Horn, 37 AD3d 317 [2007]).
We have considered petitioner’s remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Renwick and Richter, JJ.